669 P.2d 111

STATE of Arizona, Appellee,

v.

Floyd P. WOLFE and Terry R. Crecelius, Appellants.

No. 1 CA–CR 5978.

Court of Appeals of Arizona, Division 1, Department A.

June 9, 1983.

Rehearing Denied Aug. 17, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Lane & Penrod, Ltd. by Clair W. Lane, Tempe, for appellants.

OPINION

KLEINSCHMIDT, Judge.

■ Appellants appeal from the superior court judgment affirming their conviction for various game violations under A.R.S. § 17–309 initially entered by the Justice Court in Yuma County. Therefore, the scope of their appeal in this court is limited by A.R.S. § 22–375, which states in part:

A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from

a justice of the peace or police court, if the action involves the validity of a . . . statute.

On this appeal appellants have attacked the validity of A.R.S. § 17–211(D)(3), (4).[1] When a statute is attacked as unconstitutional, the matter is clearly before this court on that limited issue and, if the statute is facially constitutional, our inquiry is at an end and we are without jurisdiction to review any alleged unconstitutional application of the statute. *State v. Yabe,* 114 Ariz. 89, 90, 559 P.2d 209, 210 (App.1977); *State v. Anderson,* 9 Ariz.App. 42, 449 P.2d 59 (1969).

The issue, as framed by appellants on appeal, is that A.R.S. § 17–211 is unconstitutional on its face because it authorizes a warrantless search without probable cause. Appellants premise this argument on the fact that A.R.S. § 17–211(D)(3) uses the term "sufficient cause" when referring to the authority of game rangers and wildlife managers to conduct searches without warrants.

There is a presumption favoring the constitutional validity of a statute and one who challenges the statute bears the burden of proving that it infringes upon a constitutional guarantee or violates some constitutional principle. *State v. Yabe, supra.* We will construe a statute so as to give fair import to its terms in order to effect its object and promote justice. *State v. Valenzuela,* 116 Ariz. 61, 64, 567 P.2d 1190, 1193 (1977).

Our supreme court, in a different context, has noted the definitions of probable cause are many, varied, and imprecise. To avoid exercises in semantics the supreme court adopted a single definition, to wit: "Probable cause exists if an individual has a reasonable belief that a crime has been committed and that the defendant committed that crime." *State ex rel. Collins v. Superior Court,* 132 Ariz. 479, 647 P.2d 177 (1982).

In *People v. Encerti,* 130 Cal.App.3d 791, 182 Cal.Rptr. 139 (1982), which deals with the question of whether there was sufficient cause to bind a defendant over for trial, the court noted that "sufficient cause" is generally equated with "probable cause." We agree that as used in A.R.S. § 17–211, the phrase "sufficient cause" is synonymous with "probable cause" as that term is defined in *State ex rel. Collins v. Superior Court, supra.*

While the statute in issue, A.R.S. § 17–211, appears to place game rangers and wildlife managers in a separate category apart from other law enforcement officers it cannot place them above the state and federal constitutions. The statute can be construed in a manner that subjects game rangers and wildlife managers to exactly the same constitutional constraints that all law enforcement officers are subject to observe. As we construe it the statute is, and can be no more than, a codification of some of the common law exceptions to the search warrant requirement as developed in cases like *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and its progeny. *See United States v. Munoz,* 701 F.2d 1293 (9th Cir.1983).

The judgment of the trial court and sentences imposed are affirmed.

CORCORAN and CONTRERAS, JJ., concur.

---

1. Arizona Revised Statutes Ann. §§ 17–211(D)(3) and 17–211(D)(4) stated in full provides as follows:

D. The director shall have general supervision and control of all activities, functions and employees of the department and shall enforce all provisions of this title, including all commission rules and regulations. Game rangers and wildlife managers may, in addition to other duties:

. . . .

3. Search without warrant any aircraft, boat, vehicle, box, game bag or other package where there is sufficient cause to believe that wildlife or parts thereof is possessed in violation of law.

4. Inspect all wildlife taken or transported and seize all wildlife taken or possessed in violation of law, or showing evidence of illegal taking.