674 P.2d 329

**STATE of Arizona, Appellee,**

v.

**David and Raymond ZACK, Appellants.**

**Nos. 1 CA–CR 6297, 1 CA–CR 6391.**

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 27, 1983.

Review Denied Jan. 4, 1984.

Andy Baumert, City Atty. by Paul Ahler, Asst. City Prosecutor, Phoenix, for appellee.

Bentley, Brandes & Brandes, P.C. by Richard N. Brandes, Michael P. Lane, Phoenix, for appellants.

## OPINION

JACOBSON, Chief Judge.

This appeal attacks as being unconstitutionally vague a City of Phoenix ordinance which prohibits certain types of land use in a heavy industrial district zoned A–2.

Appellants, Raymond and David Zack, appeal from the superior court's order affirming the judgments of the Phoenix municipal court finding that appellants had committed three misdemeanors in violation of the Phoenix Zoning Code, Ordinance G–449, Appendix A, §§ 400, 421(A)(1) and 107(B).

The facts giving rise to these convictions are that the appellants operate a scrap metal processing plant in an area which is zoned A–2, heavy industrial district. Scrap

metal processing is a specifically permitted use for an A–2 district with certain restrictions which are pertinent to this litigation. The businesses adjacent to appellants' facility are, in large part, light industrial businesses, which would be permitted to operate in an A–1 district.

It is conceded that if the Phoenix ordinance in question is valid, the evidence presented showed that noise and vibrations from appellants' operation extended beyond the boundaries of their property and therefore violated the provisions of that ordinance.

Both appellants appealed their convictions to the superior court. The superior court affirmed the judgments and sentences on June 17, 1982. Appellants timely filed a notice of appeal to this court. They raise three issues for our consideration:

1. That Phoenix Zoning Ordinance § 421(A)(1) is void for vagueness or uncertainty;

2. That the ordinance was discriminatorily enforced against appellants;

3. That the state was estopped from enforcing the ordinance against appellants.

## VOID FOR VAGUENESS

For their first issue on appeal, appellants contend that Phoenix Zoning Ordinance § 421(A)(1) is void for vagueness. The ordinance defines district restrictions in areas zoned A–2—Heavy Industrial, as follows:

SEC. 421. INDUSTRIAL A–2 DISTRICT—HEAVY INDUSTRIAL. The A–2, Heavy Industrial District, is a district of intermediate and heavy industrial uses designed to serve the needs of the community for industrial uses which may be offensive if located near commercial or residential uses.

A. District Restrictions. Unless otherwise specifically provided in this section, the following restrictions shall apply to this district:

1. No use is permitted which will emit any offensive odor, dust, noxious gas, noise, vibration, smoke, heat or glare beyond the boundaries of the lot on which such use is conducted.

Section 107(B) of the Phoenix Zoning Ordinance makes a violation of § 421 a class 1 misdemeanor. Appellants contend that § 421(A)(1) is void for vagueness because it does not give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited by the ordinance. They base this contention upon their claim that the ordinance creates a district for the purpose of allowing "conduct which may be offensive" and, in the next sentence, prohibits conduct which may be "offensive." They further argue that the term "offensive" is ambiguous and not susceptible to any practical definition, especially when considered in the context of § 421 which, by definition, deals only with offensive businesses. They conclude that if their business were surrounded by slaughter houses or iron foundries, which are permitted uses for heavy industrial districts under the zoning ordinance, rather than light industries which could have been located in another district, the vibrations emanating from their lot would not be found to be excessive because such noises would not be offensive to persons working in slaughterhouses or iron foundries.

We turn first to the contention that the term "offensive vibrations" as contained in the zoning ordinance is unconstitutionally vague. Because no one should be required at the risk of his liberty to speculate as to the meaning of penal statutes, due process requires offenses to be defined with sufficient specificity as to be understood by a person of common intelligence. *State v. Pickett,* 121 Ariz. 142, 589 P.2d 16 (1978); *State v. Jacobs,* 119 Ariz. 30, 579 P.2d 68 (App.1978). However, in Arizona there is a presumption favoring the constitutional validity of statutes, and "one who challenges the statute bears the burden of proving that it infringes upon a constitutional guarantee or violates some constitutional principle." *State v. Wolfe,* 137 Ariz. 133, 669 P.2d 111 (Ariz.App.1983). This court will construe a statute so as to give fair meaning to its terms in order to effect its purpose and promote justice. *Id.* Moreover, laws cannot and need not be drafted

with mathematical precision or certainty. In order for a criminal statute to be unconstitutional for vagueness, "it must be so vague as to fail to give a citizen notice of what conduct on his part will lead to its violation." *State v. Starsky,* 106 Ariz. 329, 331, 475 P.2d 943, 945 (1970).

In *State v. Starsky, supra,* the supreme court held that a statute which prohibited disturbing the peace by "tumultuous or offensive conduct" was not unconstitutionally void for vagueness, because it defined the offense in words "easily understood and definable." 106 Ariz. at 331, 475 P.2d at 945. In *State v. Johnson,* 112 Ariz. 383, 542 P.2d 808 (1975), the supreme court discussed what constituted a "loud and unusual noise" as defined in the former A.R.S. § 13–371. The court stated:

> In order to determine whether the noise made by appellant was loud and unusual, it must be evaluated in terms of a reasonable man standard. Our inquiry must determine whether the noise would disturb a person of ordinary sensitivities; that is, the "language or conduct is to be adjudged to be disorderly, not merely because it offends some supersensitive or hypercritical individual, but because it is, by its nature, of a sort that is a substantial interference with (our old friend) the reasonable man."

112 Ariz. at 385, 542 P.2d at 810.

■ In this case, we find that the term "offensive vibration" is not ambiguous and is susceptible to a practical definition. Webster's New Collegiate Dictionary (1981) defines "offensive" as "giving painful or unpleasant sensations; nauseous, obnoxious" as the "odor of garbage." "Vibration," as pertinent herein, is defined as "a quivering as trembling motion." Thus, we cannot accept appellants' position that a person of ordinary intelligence would fail to understand what is proscribed by the terms of the zoning ordinance. The term "offensive vibration" connotes a vibration emanating beyond the boundaries of the authorized lot which, applying a reasonable man standard, would be unpleasant to a person of ordinary sensibilities. Further, there is

no question in this case that the vibrations emanating from appellants' lot were unpleasant to the neighboring businesses.

We next turn to appellants' contention that the ordinance is unconstitutionally vague because in the preamble to the ordinance it allows industrial uses in districts zoned A–2 "which may be offensive if located near commercial or residential uses" and then proceeds to prohibit specific activity by those industrial uses which are "offensive."

■ This argument is not compelling. This particular section of the ordinance attempts to classify a separate and distinct type of industrial use which can legally operate in A–2 districts. In justifying that separate classification the legislative body recognized that these particular industrial uses may be "offensive" if placed next to residential or other commercial uses. In recognizing this, the city council was merely identifying the group of industrial uses which were suitable to A–2 zoning. However, the ordinance also clearly recognized that within the identifiable groups which are authorized to locate in A–2 zoning districts, one authorized A–2 industrial user is not entitled by reason of its classification to be "offensive" to other authorized A–2 industrial users. A simple reading of this ordinance supports this clear intention and is not unconstitutionally vague.

■ Nor do we find merit in appellants' contention that they were convicted of the offenses in question only because the neighboring businesses were light industrial businesses, rather than heavy industrial businesses. Appellants' contention that the vibrations would not have been offensive to persons employed by neighboring iron foundries or slaughterhouses is speculative at best. We reject this contention and find that the ordinance in question comports with constitutional requirements.

### JURISDICTION AS TO REMAINING ISSUES

■ Because appellants' remaining issues do not address the facial validity of the

ordinance in question, this court is without jurisdiction to review the alleged unconstitutional application of the statute or the argument that the state should be estopped from enforcing the ordinance against appellants. *State v. Wolfe, supra; State v. Yabe,* 114 Ariz. 89, 559 P.2d 209 (App.1977).

For the foregoing reasons the judgments and sentences are affirmed.

GRANT, Acting P.J., and GREER, J., concur.