STATE of Minnesota, CITY OF MANKATO, Respondent,

v.

Richard Anthony CHIRPICH, Appellant.

No. C7-85-2248.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Review Denied Oct. 17, 1986.

Heard, considered, and decided by FORS-BERG, P.J., and SEDGWICK and RAN-DALL, JJ.

## OPINION

RANDALL, Judge.

Appellant Richard Chirpich was charged with a gross misdemeanor under Minn.Stat. § 169.121, subd. 3(a) (1984). To simplify the issue of enhancement, both counsel agreed to try the case to the jury on misdemeanor DWI pursuant to an agreement that conviction would automatically become a gross misdemeanor if the jury found appellant guilty.

Appellant was also charged with three separate subdivisions of the Minnesota Statutes on DWI, Minn.Stat. § 169.121, subds. 1(a), 1(d), and 1(e) (1984). The jury acquitted appellant on subdivisions 1(a) and 1(d) but found him guilty of violating subdivision 1(e). On appeal, appellant claims Minn.Stat. 169.121, subd. 1(e) is unconstitutional. The trial court found that appellant had not timely raised the constitutionality issue, but then went on to decide that issue on the merits in favor of the statute. We affirm the trial court's finding that the issue of the constitutionality of § 169.121, subd. 1(e) was not timely raised. We will review the merits of the constitutional issue as the trial court did, but our affirmance on the question of timeliness is dispositive. We affirm.

## FACTS

Appellant was stopped at 2:10 a.m. on March 13, 1985, for having a burned out headlight. After observing several indicia of intoxication, the officer had appellant perform certain field sobriety tests which appellant failed. The officer administered a preliminary breath test which appellant also failed. Appellant was arrested for DWI. A subsequent Intoxilyzer test revealed appellant had an alcohol concentration of .12. Appellant was charged with violating Minn.Stat. § 169.121, subd. 1(a), (d), and (e).[1] Prior to trial, appellant timely

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael J. McCauley, Mankato City Atty., and Patricia Fair, Asst. City Atty., Mankato, for respondent.

Kevin O'Connor Green, Green Law Offices, P.A., Mankato, for appellant.

---

1. Minn.Stat. § 169.121, subd. 1(a) prohibits driving while under the influence.

Minn.Stat. § 169.121, subd. 1(d) prohibits driving when alcohol concentration is .10 or more. Under this subdivision, the driver's

moved to suppress certain evidence. However, he did not challenge the constitutionality of the DWI statute as it pertains to § 169.121, subd. 1(e). Prior to trial, appellant raised and the court resolved a *Nyflot* issue which is not at issue here.

The trial court submitted all three subdivisions to the jury. The jury acquitted appellant of the charge of violating § 169.121, subd. 1(a) and 1(d), but found him guilty of violating subdivision 1(e).

In his motion for a new trial, appellant argued that, based on this perverse jury verdict, he was entitled to a new trial in the interests of justice, that errors of law had occurred, and that § 169.121, subd. 1(e) is unconstitutional as applied. After the hearing on appellant's motion for a new trial, the court requested written memorandums from counsel on the issue of constitutionality. Appellant argued, among other things, that § 169.121, subd. 1(e) makes innocent activity illegal, impermissibly shifts the burden of proof to a defendant, and by its wording (relative to a driver's alcohol concentration "as measured within two hours of the time of driving") acts as an irrebuttable presumption of guilt by presuming that a defendant with .10 concentration within two hours after driving must have been .10 while driving. Appellant argues that the only possible presumption in a criminal case is the presumption of innocence. Thus § 169.121, subd. 1(e) violates a defendant's due process rights.

The trial court first ruled that appellant's constitutionality argument was untimely raised, and then held that, even if it had been raised properly, it lacked merit. This appeal followed.

### ISSUE

Has appellant waived his right to challenge the constitutionality of Minn.Stat. § 169.121, subd. 1(e) by failing to raise the issue prior to trial?

ability to adequately handle the car is not the issue, just the test.
Minn.Stat. § 169.121, subd. 1(e) expands subdivision 1(d), making it a crime to drive when

### ANALYSIS

*Waiver of Constitutionality Challenge*

Appellant did not challenge the constitutionality of § 169.121, subd. 1(e) in any pretrial proceeding. In its ruling following the new trial hearing, the trial court concluded that appellant had waived the issue by not raising it before trial. We agree.

■ Under Minnesota Rules of Criminal Procedure 10.01, 10.02, and 10.03, a challenge to constitutionality, being capable of determination without a trial on the merits, must be timely asserted before trial. We note that the trial court did not find good cause to relieve appellant from the sanction of untimeliness.

■ Appellant makes the general claim that since he had raised a *Nyflot* issue prior to trial, he had put the State on general notice of constitutional questions. We do not agree. The *Nyflot* issue was not related to Minn.Stat. § 169.121, subd. 1(e). To properly challenge a criminal statute on the grounds that it is unconstitutional, a specific pre-trial notice to the court and counsel must be given. We hold that the trial court did not abuse its discretion in ruling that appellant's challenge on constitutional grounds was untimely. Since the trial court went on to rule on the merits of appellant's constitutional challenge, we will briefly discuss the merits of the issue raised by appellant.

■ Appellant argues that Minn.Stat. § 169.121, subd. 1(e) violates his right to due process because it is overly broad. A statute is overbroad when it sweeps too far and regulates permissible conduct. *State v. Andersen*, 370 N.W.2d 653, 661 (Minn. Ct.App.1985), citing *Broadrick v. Oklahoma*, 413 U.S. 601, 607, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830 (1973). "In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substan-

the driver's alcohol concentration as measured within two hours of the time of driving is .10 or more.

tial amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982).

Minn.Stat. § 169.121, subd. 1(e) states: It is a misdemeanor for any person to drive, operate or be in physical control of any motor vehicle within this state: * *

(e) When the person's alcohol concentration as measured within two hours of the time of driving is 0.10 or more.

The State has a legitimate interest in enacting DWI laws. Appellant cites no authority for the proposition that driving while under the influence of alcohol is constitutionally protected conduct. No court has ever so found. We hold that the statute is not constitutionally overbroad.

 The claim that the statute is void for vagueness is without merit. The language of the statute applies to appellant's conduct. *Coates v. City of Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971). *See Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2561–62, 41 L.Ed.2d 439 (1974).

Appellant claims that Minn.Stat. § 169.-121, subd. 1(e) acts as an irrebuttable presumption of guilt and impermissibly shifts the burden of proof to the defendant to show that if he was .10 or more within two hours of driving, that he was not .10 or more at the time of driving. The legislature has the authority to define the elements of the crime of driving while intoxicated. *State v. Mathiasen*, 273 Minn. 372, 141 N.W.2d 805 (1966).

The legislature added subdivision 1(e) to § 169.121 in 1984, and it is not our duty to question whether or not subdivision 1(e) was needed. The need for a criminal statute is up to the legislature.

Under Minn.Stat. § 169.121, subd. 1(e), the State still must prove beyond a reasonable doubt that the blood alcohol concentration was .10 or more. Of necessity, juries understand that blood alcohol tests are not taken the instant a driver is stopped and exits the car. By definition, there must be a time lag while the driver is first investigated at roadside and then later transported to an appropriate facility where blood alcohol concentration can be determined. Expert testimony is available to both sides, if needed, on the effects of alcohol in the blood over a period of time. There is no impermissible burden shift to the defendant in a prosecution under subdivision 1(e). Contrary to appellant's argument, no presumption of guilt is involved. *County of Court of Ulster County v. Allen*, 442 U.S. 140, 156–57, 99 S.Ct. 2213, 2224–25, 60 L.Ed.2d 777 (1979). *See Francis v. Franklin*, — U.S. —, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

## DECISION

The trial court did not err in holding that appellant had waived his right to challenge the constitutionality of Minn.Stat. § 169.-121, subd. 1(e).

Affirmed.