STATE of Minnesota, City of North Mankato, Respondent,

v.

Douglas Duaine MARBLE, Appellant.

No. C1-86-344.

Court of Appeals of Minnesota.

Dec. 2, 1986.

Hubert H. Humphrey, III, Atty. Gen., Saint Paul, Norbert P. Smith, North Mankato City Atty., Mankato, for respondent.

Kevin O'Connor Green, Mankato, for appellant.

Heard, considered and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ.

## MEMORANDUM OPINION

FOLEY, Judge.

Douglas Duaine Marble appeals from a February 19, 1986 judgment of conviction for driving while under the influence in violation of Minn.Stat. § 169.121, subd. 1(e) (Supp.1985), claiming that the statute is unconstitutionally overbroad and impermissibly shifts the burden of proof from the State to the defense.[1] At oral argument, appellant acknowledged that an appeal previously filed with this court in *State v. Chirpich*, 392 N.W.2d 34 (Minn.Ct.App. 1986), *pet. for rev. denied*, (Minn. Oct. 17, 1986), raised the identical issue involved here—the constitutionality of Minn.Stat. § 169.121, subd. 1(e)—and agreed that the decision in *Chirpich* would control the outcome of this case.[2]

In *Chirpich*, we held that the defendant had waived his right to challenge the constitutionality of Minn.Stat. § 169.121, subd. 1(e) by failing to specifically raise the issue in any pretrial proceedings as required by Minn.R.Crim.P. 10.01, 10.02 and 10.03. *Chirpich*, 392 N.W.2d at 36. Since the trial court in *Chirpich* had nevertheless discussed the merits of the constitutional challenge, we also discussed the issues raised by the defendant.

*Id.*

---

1. Minn.Stat. § 169.121, subd. 1(e) (1984) states: It is a misdemeanor for any person to drive, operate or be in physical control of any motor vehicle within this state * * *:

   * * * * * *

   (e) when the person's alcohol concentration as measured within two hours of the time of driving is 0.10 or more.

2. At oral argument, the prosecutor claimed that the district court file contained an affidavit by appellant's attorney agreeing that this court's decision in *Chirpich* would control the issue raised in the present case. We are unable to locate such a document in the record before us.

The defendant first argued that Minn. Stat. § 169.121, subd. 1(e) was overly broad and void for vagueness. We noted: "In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Chirpich*, 392 N.W.2d at 36–37 (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982)). After considering Minn.Stat. § 169.121, subd. 1(e), the enactment at issue, we concluded:

> The State has a legitimate interest in enacting DWI laws. [The defendant] cites no authority for the proposition that driving while under the influence of alcohol is constitutionally protected conduct. No court has ever so found. * * *
>
> The claim that the statute is void for vagueness is without merit. The language of the statute applies to [the defendant's] conduct. *Coates v. City of Cincinnati*, 402 U.S. 611, 614 [91 S.Ct. 1686, 1688, 29 L.Ed.2d 214] (1971). *See Parker v. Levy*, 417 U.S. 733, 756 [94 S.Ct. 2547, 2561, 41 L.Ed.2d 439] (1974).

*Chirpich*, 392 N.W.2d at 37.

We also found little merit to the defendant's contention in *Chirpich* that Minn. Stat. § 169.121, subd. 1(e), added by the legislature in 1984, created an irrebutable presumption of guilt and impermissibly shifted the burden of proof to the defendant:

> Under Minn.Stat. § 169.121, subd. 1(e), the State still must prove beyond a reasonable doubt that the blood alcohol concentration was .10 or more. Of necessity, juries understand that blood alcohol tests are not taken the instant a driver is stopped and exits the car. By definition, there must be a time lag while the driver is first investigated at roadside and then later transported to an appropriate facility where blood alcohol concentration can be determined. Expert testimony is available to both sides, if needed, on the effects of alcohol in the blood over a period of time. There is no impermissible burden shift to the defendant in a prosecution under subdivision 1(e). Contrary to appellant's argument, no presumption of guilt is involved. *County of Court of Ulster County v. Allen*, 442 U.S. 140, 156–57 [99 S.Ct. 2213, 2224, 60 L.Ed.2d 777] (1979). *See Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965 [85 L.Ed.2d 344] (1985).

*Chirpich*, 392 N.W.2d at 37.

In accordance with the views advanced in *Chirpich*, we now expressly hold that Minn.Stat. § 169.121, subd. 1(e) is not unconstitutional either on its face or as applied to appellant's conduct in this case.

### DECISION

Appellant's conviction for driving while under the influence in violation of Minn. Stat. § 169.121, subd. 1(e) is affirmed.

Affirmed.