**STATE of Minnesota, Respondent,**

v.

**Judy Marie LARSON, Appellant.**

No. C2–87–2503.

Court of Appeals of Minnesota.

Sept. 27, 1988.

Review Denied Nov. 8, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Jerome P. Filla, Asst. Shoreview City Atty., Roseville, for respondent.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and NORTON and LESLIE *, JJ.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

675

## OPINION

FOLEY, Judge.

Appellant Judy Marie Larson challenges her DWI conviction under Minn.Stat. § 169.121, subd. 1(d) (1986) on grounds that the state was required to provide expert testimony relating blood alcohol concentration at the time of testing to concentration at the time of driving, operation or control. We find the conviction lawful and affirm.

## FACTS

Appellant was found intoxicated in her parked car. She was tested for blood alcohol concentration level 77 minutes after her discovery and yielded a blood alcohol concentration level of .14. Appellant argues that since no evidence (via expert testimony) was presented at trial as to her blood alcohol concentration level at the time of driving or control, her conviction cannot stand.

This appeal involves the sufficiency of evidence in a DWI conviction. Specifically, appellant is challenging her conviction on the basis that proof of intoxication at the time of driving was not shown, since appellant's blood alcohol concentration test was given 77 minutes after her discovery.

On March 6, 1987, at 9:47 p.m., a Ramsey County deputy sheriff discovered appellant's vehicle approximately 75 feet off the road in a field in Shoreview. A road sign leading to her car had been knocked down. When the deputy sheriff reached the car, he observed appellant taking her five-year-old daughter from the passenger seat. After questioning appellant and requesting that she perform certain field sobriety tests, the deputy took appellant to the police station for a breath alcohol examination. The Intoxilyzer test was administered at 11:04 p.m. and yielded a reported value of .14 blood alcohol concentration.

Appellant was charged under Minn.Stat. § 169.121, subds. 1(a), (d) and 3(a) (1986). The matter went to trial December 15–17, 1987. At the close of evidence, appellant's counsel moved for a judgment of acquittal and for dismissal of subdivisions 1(d) and 3(a). Appellant's counsel argued that no

evidence was presented as to the time of driving, so that no blood alcohol concentration level could be attached to that time. The court denied this motion.

The jury found appellant not guilty under subdivision 1(a) but found appellant guilty under subdivision 1(d). Appellant was sentenced to 15 days in jail.

On the same day appellant reported to serve her sentence (December 28, 1987), appellant's counsel filed a notice of appeal. On December 30 appellant was released pending appeal.

## ISSUE

Was appellant properly convicted under Minn.Stat. § 169.121, subd. 1(d) (1986)?

## ANALYSIS

When a conviction is challenged on grounds of insufficient evidence, reversal is provided only when the evidence, viewed in the light most favorable to the verdict, is insufficient as a matter of law to sustain the conviction. *State v. Dokken*, 312 N.W.2d 106, 107 (Minn.1981). Reversal becomes a question of whether the "jury could reasonably conclude, under the facts and any legitimate inferences, that the defendant was guilty." *State v. Langley*, 354 N.W.2d 389, 395 (Minn.1984). If a jury could reasonably have found the defendant guilty, considering the presumption of innocence and the state's burden of proof, the verdict will stand. *State v. Parker*, 353 N.W.2d 122, 127 (Minn.1984).

Minn.Stat. § 169.121, subd. 1 provides:

It is a misdemeanor for any person to *drive, operate or be in physical control* of any motor vehicle within this state or upon the ice of any boundary water of this state:

(a) when the person is under the influence of alcohol;

(b) when the person is under the influence of a controlled substance;

(c) when the person is under the influence of a combination of any two or more of the elements named in clauses (a) and (b);

(d) when the person's alcohol concentration is 0.10 or more; or

(e) when the person's alcohol concentration as measured within two hours of the *time of driving* is 0.10 or more.

(Emphasis added). Appellant was convicted under subdivision 1(d). Appellant was *not* charged with a violation of subdivision 1(e), presumably because the prosecutor could not place the time of driving.

The basis of appellant's claim is that the state presented no evidence which would prove appellant's intoxication levels at the time of driving or control. Since 77 minutes elapsed between appellant's discovery and the blood alcohol concentration test, appellant claims that expert testimony was needed to show appellant's intoxication level at the time of discovery. Appellant asserts that this can only be done with expert testimony regarding retrograde extrapolation. Retrograde extrapolation is a process whereby a person's alcohol level over time is predicted or measured. Since this testimony was not presented, appellant argues her conviction should be reversed.

Appellant argues that expert testimony is required to prove the state's case under the statute. Appellant claims that blood alcohol concentration tests given some time after the arrest do not prove that the accused was intoxicated *at the time of operation or control.*

Appellant further argues that changes in Minn.Stat. § 169.121 indicate expert testimony is needed. From 1982 to 1984, the statutory scheme contained a presumption that:

For purposes of this section and section 169.123, the result of an evidentiary test administered within two hours of the alleged violation is deemed to be the alcohol concentration at the time of the violation.

*See* 1982 Minn.Laws ch. 423, § 3, subd. 2(b). When this presumption was deleted, *see* 1984 Minn.Laws ch. 622, § 7, subd. 2(b), appellant claims that convictions under subdivision (d) once again depended on the introduction of expert testimony to prove intoxication at the time of operation or control. Appellant argues that the creation

of subdivision 1(e), which *eliminates* the need for expert testimony, *recognizes* the need for such testimony for proof under subdivision (d). Appellant asserts that by not proceeding under subdivision 1(e) and by not presenting expert testimony, the state has required the jury to make a "leap of faith" and make the "unconstitutional inference" that an alcohol concentration of .14, 77 minutes after the arrest means at least an alcohol concentration of at least .10 at the time of arrest.

This approach, to say the least, is unique. We have found no Minnesota case that specifically addresses this dilemma. However, this court in *State v. Chirpich*, 392 N.W.2d 34 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Oct. 17, 1986), stated:

Under Minn.Stat. § 169.121, subd. 1(e), the State still must prove beyond a reasonable doubt that the blood alcohol concentration was .10 or more. Of necessity, juries understand that blood alcohol tests are not taken the instant a driver is stopped and exits the car. By definition, there must be a time lag while the driver is first investigated at roadside and then later transported to an appropriate facility where blood alcohol concentration can be determined. *Expert testimony is available to both sides, if needed, on the effects of alcohol in the blood over a period of time.*

*Id.* at 37 (emphasis added); *see also State v. Marble*, 396 N.W.2d 708, 709 (Minn.Ct. App.1986).

In the present case, there was a 77 minute delay between the time appellant was discovered and the time the blood alcohol concentration test was administered. Nearly all such arrests involve a time lag of 45 minutes to two hours.

The jury is in the best position to evaluate such circumstantial evidence and its verdict is entitled to due deference. *State v. McBroom*, 394 N.W.2d 806, 810 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Jan. 16, 1987).

In DWI cases, there is always some lag time between arrest and testing. Even where the lag time is only a few minutes,

the jury necessarily must make some conclusions as to the level of intoxication of the accused at the time of driving or control. As long as the delay between apprehension and testing is reasonable, special expert testimony is unnecessary and the jury should be allowed to make its own determination of guilt or innocence. *See State v. Tischio*, 107 N.J. 504, 521, 527 A.2d 388, 397 (1987), *appeal dismissed* (for lack of substantial federal question), ——U.S. ——, 108 S.Ct. 768, 98 L.Ed.2d 855 (1988) (one hour reasonable time between apprehension and testing). Appellant was properly convicted under Minn.Stat. § 169.121, subd. 1(d).

## DECISION

Appellant was properly convicted under Minn.Stat. § 169.121, subd. 1(d). Expert testimony relative to the delay between arrest and testing is not required when the delay is reasonable.

AFFIRMED.