811 P.2d 366

Dorian CACAVAS, Mark Calaluca, Claudio Guevara, Shannon Harris, Rafael Lopez, Manuel Morales, Linda Oldham, Timothy Riley, Nate Rostance, Patrick Shelby, Rod Silverman, Gregory Withey, Alta Grover, Kartina Montano, Petitioners,

v.

The Honorable Ann BOWEN, a Magistrate for the City Court of Tucson, In the State of Arizona, County of Pima, Respondent,

and

The STATE of Arizona, Real Party in Interest.

No. 2 CA-SA 91-0020.

Court of Appeals of Arizona, Division 2, Department A.

March 19, 1991.

Review Denied May 21, 1991.

City of Tucson Public Defender by Frances T. Lynch, Tucson, for petitioners.

Frederick S. Dean, Tucson City Atty. by R. William Call, and Catherine K. Weidman, Tucson, for respondent.

## OPINION

HATHAWAY, Judge.

Petitioners, criminal defendants in underlying proceedings before the City Court of Tucson, seek special action relief from the orders of the respondent magistrate denying their motions to dismiss on the grounds that A.R.S. § 28–692(A)(2) is unconstitutional. Because this is a matter of statewide importance and because the issues relate to legal questions as opposed to controverted issues of fact, we accept jurisdiction. *University of Arizona Health Sciences Center v. Superior Court,* 136 Ariz. 579, 667 P.2d 1294 (1983). Additionally, a "speedy decision will serve the public interest." *Fuenning v. Superior Court,* 139 Ariz. 590, 593, 680 P.2d 121, 124 (1983). For the reasons stated below, however, we find the statute withstands constitutional scrutiny and, therefore, deny relief.

The petitioners were arrested for allegedly driving under the influence of alcohol, in violation of A.R.S. § 28–692(A)(1). After tests were administered to determine their

blood alcohol content (BAC), they were charged with violating A.R.S. § 28–692(A)(2). Effective June 28, 1990, the statute provides as follows:

A. It is unlawful and punishable as provided in § 28–692.01 for any person to drive or. be in actual physical control of any vehicle within this state under any of the following circumstances;

* * * * * *

2. If the person has an alcohol concentration of 0.10 or more within two hours of driving or being in actual physical control of the vehicle.

Subsection B of the statute provides as an affirmative defense to the charge that "the person did not have an alcohol concentration of 0.10 or more at the time of driving."

Petitioners contend the statute is unconstitutional for the following reasons: (1) it reallocates the burden of proof by labeling as an affirmative defense a fact formerly defined as an element of the crime and which is a traditional or logical element of the offense; (2) the affirmative defense negates an essential element of the crime and shifts to the defendant the burden of disproving a fact which the state is required to prove and which the state has a greater opportunity to prove; (3) the statute raises an impermissible presumption that a person with a BAC of .10 percent or more within two hours of driving had that level at the time he or she was driving; and, (4) the provision is overly broad.

 To withstand constitutional scrutiny, a criminal statute may not establish an essential element of the crime and then place the burden of disproving that defined element on the accused. *Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281, 292 (1977). In this regard petitioners first argue that, because of the affirmative defense provided in the statute, the accused must disprove what the state formerly had to prove beyond a reasonable doubt: that petitioners' BAC at the time of driving was .10 percent or greater. Petitioners contend that in this regard, "[t]he trial court's order appears to be an abuse of discretion as it disregards case law which has been set as mandatory

precedent," citing *Desmond v. Superior Court*, 161 Ariz. 522, 779 P.2d 1261 (1989). *Desmond*, however, is entirely inapplicable, as it relates to the prior statute under which it was a crime to operate or control a motor vehicle with a blood alcohol level of .10 percent or greater. The court there held that the state was required to establish the latter element by relating the results of a subsequent blood alcohol test back to the time of driving or controlling the motor vehicle. Because the statute has created a new crime, having a blood alcohol level of .10 percent or greater within two hours of driving or controlling a motor vehicle, the elements of the prior provision are irrelevant.

For similar reasons, we reject petitioners' argument that the statute is unconstitutional because it reallocates the burden of proof by labeling as an affirmative defense a fact which is a traditional or logical element of the offense and the related argument that, although operating or controlling a motor vehicle with a BAC of .10 percent or greater is not an essential element of the new statute, it is "implied and presumed." These arguments are based in part on the contention that it is the operating or controlling of a motor vehicle with a BAC of .10 percent or greater that poses the danger to the public, in which case it is presumed that the accused was impaired. A.R.S. § 28–692(E).

As we have pointed out, the statute has created a new crime and it is not unconstitutional simply because it does not contain the same elements of the statute it replaced. Moreover, as driving while under the influence of alcohol was not a crime at common law, there are no historical elements. It is the prerogative of the legislature to determine what acts will constitute crimes and to set the punishment for those acts. *State v. McClarity*, 27 Ariz.App. 571, 557 P.2d 170 (1976). Clearly, the legislature concluded that a person with a BAC of .10 percent or greater within the two-hour period poses a sufficient danger to the public to justify broadening the statutorily proscribed conduct. The legislature intended to include but not limit the purview of

the statute to those drivers with a BAC of .10 percent or greater at the time of operating or controlling the motor vehicle in an effort to keep impaired drivers off the road and curtail the number of highway injuries and deaths. In rejecting a constitutional challenge to a Minnesota statute similar to A.R.S. § 28–692(A)(2), the Minnesota Court of Appeals held in *State v. Chirpich*, 392 N.W.2d 34, 37 (Minn.App. 1986), *cert. denied*, 481 U.S. 1015, 107 S.Ct 1891, 95 L.Ed.2d 498 (1987), that "[t]he legislature has the authority to define the elements of the crime of driving while intoxicated." The court noted that it was not its duty to question whether the provision making it a crime to have a blood alcohol level of .10 percent or greater within two hours of operating or controlling a motor vehicle was necessary. *See also State v. Marble*, 396 N.W.2d 708 (Minn.App.1986) (where court adopted reasoning in *Chirpich*).

Petitioners assert that courts are "predisposed against new definitions of existing crimes," citing *Patterson v. New York, supra*. That case, however, does not support that contention. While the Court in *Patterson* did uphold the Pennsylvania statute because it did not redefine an existing offense, there is nothing in that case which precludes the legislature from enacting a statute creating a new offense, as it did here.

■ We also reject petitioners' argument that the statute raises the impermissible presumption that one who has a BAC of .10 percent or greater within two hours of operating or controlling a motor vehicle also had a BAC of .10 percent or greater at the time he or she operated or controlled a motor vehicle. Petitioners contend that this presumption is created in part by the fact that the legislature must have intended to punish those who drive with a BAC of .10 percent or greater, particularly in light of the fact that, at this level, intoxication is presumed. A.R.S. § 28–692(E). The statute raises no such presumption. Again, the statute departs from the old provision by broadening the area of proscribed conduct; the statute is violated by

having the requisite BAC not only at the time of operating or controlling the motor vehicle but also within two hours thereafter. *See State v. Chirpich, supra* (statute with similar two-hour provision did not raise an impermissible presumption regarding the accused's BAC).

■ Nor do we find persuasive petitioners' argument, which relies on *Morrison v. California*, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934), that the statute impermissibly shifts the burden of proof by requiring the accused to prove facts that are more easily or conveniently demonstrated by the state. As the state points out, the fact that the state, through the police, administers the breathalyzer test is of no consequence. The accused has access to that test, to a separate test, and to the same experts to establish the affirmative defense that his or her BAC was not .10 percent or greater at the time he or she operated or controlled a motor vehicle. Moreover, the defendant is likely to have access to even more information which may affect the BAC, such as height, weight, amount of alcohol admittedly ingested, food consumed and any material medical conditions.

■ Finally, we reject petitioners' claim that A.R.S. § 28–692(A)(2) "provides for the conviction of persons who are unblameworthy," essentially a claim that the statute is unconstitutionally overbroad. As an example of the provision's overbreadth, they contend that an individual who does not begin drinking until he/she ceases to drive would come within its purview. First, we do not believe petitioners have standing to challenge the provision on this basis. "Unless the challenged legislation, by its terms, regulates the exercise of first amendment rights, its constitutionality may not be challenged on the ground that it might apply to parties not before the court." *State v. Carruth*, 132 Ariz. 368, 370, 645 P.2d 1282, 1284 (App.1982), citing *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). The petitioners were stopped while driving their vehicles and arrested for driving while under the influence of alcohol, without regard

to their BAC. *See* A.R.S. § 28–692(A). They are not among the group of persons who are "unblameworthy."

 In any event, we do not believe the statute is unconstitutionally overbroad. In determining whether the provision is overly broad, we first consider whether it encroaches upon a "substantial amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 368 (1982). *See also State v. Johnson*, 143 Ariz. 318, 322, 693 P.2d 973, 977 (App.1984) ("A statute is overbroad, 'when its language, given its normal meaning, is so broad that the sanction may apply to conduct which the State is not entitled to regulate'.") We do not believe that either drinking or driving are fundamental rights. As our Supreme Court noted in *Fuenning*, however, even assuming there is a fundamental constitutional right to travel and maintain one's driver's license, the state has a compelling interest in reducing "the terrible toll of life and limb on our highways." 139 Ariz. at 595, 680 P.2d at 126. Moreover, the court noted as follows:

> No fundamental constitutional right is inhibited by the statute here under consideration. Even if we assume that a right to drive is fundamental when one can meet the qualifications set by the legislature, and assume that one of suitable age has a "right" to drink in a state which licenses and permits the sale of alcoholic beverages, the statute does not affect these rights. It does not prohibit driving. It does not prohibit drinking. It prohibits drinking and driving. We know of no constitutional right to drink *and* drive; we recognize no right to ingest a substantial amount of alcohol and then drive. If therefore, this statute inhibits and "chills" the mixture of alcohol and gasoline, it will fulfill the precise objective sought by the legislature. We think such a goal is salutary, and that it is permitted by the constitution.

(Emphasis in original.) 139 Ariz. at 597, 680 P.2d at 128. *See also State v. Marble, supra.*

We conclude that A.R.S. § 28–692(A(2)) withstands constitutional scrutiny and, therefore, affirm the trial court's denial of petitioners' motions to dismiss.

LIVERMORE, P.J., and LACAGNINA, J., concur.