847 P.2d 619

**STATE of Arizona, Appellee,**

v.

**Thomas R. MARTIN, Appellant.**

**No. 1 CA–CR 91–1229.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 10, 1992.

Review Denied March 30, 1993.

---

Roderick G. McDougall, Phoenix City Atty. by Gregory L. Hanchett, Asst. City Prosecutor, Phoenix, for appellee.

Duane Varbel & Associates by Duane Varbel, Phoenix, for appellant.

## OPINION

TOCI, Judge.

A jury convicted defendant in Phoenix Municipal Court of driving a motor vehicle while under the influence of intoxicating liquor. Two principal issues are presented on appeal: (1) whether Ariz.Rev.Stat.Ann. ("A.R.S.") section 28–692(A)(1) (driving under the influence)[1] and section 28–692(A)(2) (having a blood alcohol concentration ("BAC") of 0.10 within two hours of driving)[2] are unconstitutionally vague; and (2) whether section 28–692(A)(2) is unconstitutionally overbroad.

We hold that because A.R.S. sections 28–692(A)(1) and (A)(2) provide a person of normal intelligence a reasonable opportunity to know what is prohibited and thus establish an objective standard of enforcement, neither is unconstitutionally vague. Further, we hold that because the defendant does not allege that the statute substantially infringes upon protected First Amendment freedoms or that he is a member of a class of "innocent defendants," he has no standing to raise, on behalf of others, an overbreadth challenge to section 28–692(A)(2).

## FACTUAL AND PROCEDURAL HISTORY

The Phoenix City Police arrested defendant and charged him with driving while under the influence of alcohol and having a blood alcohol level of 0.10 within two hours of driving a vehicle, in violation of A.R.S. sections 28–692(A)(1) and (A)(2). Defense counsel filed a motion to dismiss the section 28–692(A)(1) charge for vagueness and the 28–692(A)(2) charge for both vagueness and overbreadth. The court denied the motion.

As a result of defendant's arrest, the arresting officer filed an affidavit with the Arizona Motor Vehicle Department seeking suspension of defendant's driver's license under A.R.S. section 28–694. After a hearing, the hearing officer ordered defendant's license suspended. Defendant then filed a motion asking the municipal court to dismiss the charges on double jeopardy grounds. The defendant contended that suspension of his license, although a civil penalty, was punishment, and the criminal charges against him constituted double punishment for the same offense. The trial court denied the motion.

After a trial in which the state introduced the results of a breathalyzer test establishing defendant's BAC at 0.14, the jury found defendant guilty of violating both A.R.S. sections 28–692(A)(1) and (A)(2).

Defendant filed a timely notice of appeal to superior court. Following briefing, the superior court judge affirmed the municipal court judgment and remanded the matter to municipal court for further proceedings. Defendant then filed a timely notice of appeal to this court.

## DISCUSSION

### A. Appellate Jurisdiction is Limited to the Facial Validity of the Statute

█ Our jurisdiction over this appeal is restricted. Because this action originated in municipal court and was appealed to the superior court, any additional appeal is limited by Rule 13(b), Superior Court Rules of

---

1. A.R.S. § 28–692(A)(1) provides: "It is unlawful for any person to drive ... any vehicle ... [w]hile under the influence of intoxicating liquor ... if the person is impaired to the slightest degree."

2. A.R.S. § 28–692(A)(2) provides: "It is unlawful for any person to drive ... any vehicle ... [i]f the person has an alcohol concentration of 0.10 or more within two hours of driving or being in actual physical control of the vehicle."

Appellate Procedure—Criminal. The Rule provides: "No further appeal may be taken from a final decision or order under these rules, except as provided by A.R.S. § 22–375." Section 22–375 states:

A. An appeal may be taken by the defendant ... from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, ... or statute.

B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court.

We have interpreted this language to limit our appellate review solely to the facial validity of a challenged statute. *State v. Irving*, 165 Ariz. 219, 221, 797 P.2d 1237, 1239 (App.1990); *State v. Wolfe*, 137 Ariz. 133, 134, 669 P.2d 111, 112 (App.1983). Our jurisdiction does not extend to examining the application of the statute to an individual defendant. *Irving*, 165 Ariz. at 221, 797 P.2d at 1239. Therefore, if we find the statute constitutional, our inquiry is at an end. *Wolfe*, 137 Ariz. at 134, 669 P.2d at 112.

*B. A.R.S. § 28–692(A)(1) is Not Vague*

■ We see no reason to overturn the time-honored holding of our courts that "impaired to the slightest degree" provides sufficient notice to the public of the forbidden conduct. We hold that the phrase provides a person of normal intelligence a reasonable opportunity to know what is prohibited and provides an objective standard for those charged with enforcing the statute.

■ An unconstitutionally vague statute is one that defines the prohibited conduct in such indefinite terms that a person of common intelligence must guess at its meaning. *In Re Pima County Juvenile Appeal No. 74802–2*, 164 Ariz. 25, 28, 790 P.2d 723, 726 (1990). The vice of such statutes is that ordinary people cannot determine whether their conduct fits within the boundaries of the law or whether they un-

wittingly may subject themselves to either a criminal or civil sanction by their actions.

The question of whether a statute is vague arises most often in the context of the First Amendment. "[W]here a vague statute 'abut[s] upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms'." *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972) (footnotes omitted). *See also Berenter v. Gallinger*, 173 Ariz. 75, 839 P.2d 1120 (App.1992). In this case, however, the defendant does not allege an infringement of First Amendment rights.

Defendant contends that the words "impaired to the slightest degree" are not defined in the statute nor do they contain a standard by which an ordinary person can know what is prohibited and act accordingly. On the contrary, many years ago our supreme court interpreted the words "under the influence" to mean "in the slightest degree." *Hasten v. State*, 35 Ariz. 427, 280 P. 670 (1929). Moreover, in *State v. Parker*, 136 Ariz. 474, 666 P.2d 1083 (App. 1983), we held that neither the words "under the influence" nor "in the slightest degree" in A.R.S. section 28–692(A) were unconstitutionally vague. *Id.; see also Weston v. State*, 49 Ariz. 183, 187–88, 65 P.2d 652, 654–55 (1937).

■ Furthermore, although it may be difficult for an individual driver to know when he has become "impaired to the slightest degree" and should not drive, that language does not necessarily render the statute vague. "A statute that gives fair notice of conduct to be avoided is not void for vagueness simply because it may be difficult to determine *how far one can go before the statute is violated*." *Berenter v. Gallinger*, 173 Ariz. at 81, 839 P.2d at 1126 (emphasis supplied; citations omitted). Thus, we conclude that the stringency of the standard "to the slightest degree" effectively puts the public on notice that one who drinks and drives does so at his peril.

*C. A.R.S. § 28–692(A)(2) is Not Vague*

■ Defendant next argues that A.R.S. section 28–692(A)(2), which punishes a driv-

er who has a blood alcohol concentration of 0.10 or more within two hours of driving, is vague and contains an ambiguous standard unrelated to the statute's purpose. We disagree. We hold that A.R.S. section 28–692, when read as a whole, precisely defines the conduct that subjects a person to imposition of a criminal sanction under section 28–692(A)(2).

In considering an attack upon the constitutionality of the predecessor to A.R.S. section 28–692(A)(2),[3] this court has held that a statute is not void for vagueness if it meets two criteria. First, the statute must define the criminal offense with sufficient particularity that ordinary persons can understand what the statute prohibits. *State v. Thompson*, 138 Ariz. 341, 344, 674 P.2d 895, 898 (App.1983). Second, the statute must not encourage arbitrary enforcement. *Id.* In holding that the former A.R.S. section 28–692(A)(2) was not void for vagueness, we found that the statute defines a criminal offense in a manner that does not encourage arbitrary law enforcement. Furthermore, "the statute gives fair warning of the prohibited conduct." *Id.* at 344, 674 P.2d at 895.

Although section 28–692(A)(2) now provides that it is illegal to have a BAC of 0.10 or more within two hours of driving—rather than a BAC of 0.10 at the time of the offense as provided in former section 28–692(A)(2)—the reasoning in *Thompson* is applicable here. By establishing a specific, objective criterion of a pre-defined BAC with which to compare an individual's BAC, the statute provides notice of the prohibited conduct with sufficient particularity.

Similarly, the phrase "within two hours of driving or being in actual physical control of the vehicle" provides specific and objective guidelines to the potential offender and to those charged with enforcing the law. The principal difference between former section 28–692(A)(2) and the present section is that the legislature has "conclud-

ed that a person with a BAC of 0.10 or greater within the two hour period poses a sufficient danger to the public to justify broadening the statutorily proscribed conduct." *Cacavas v. Bowen*, 168 Ariz. 114, 116, 811 P.2d 366, 368 (App.1991). Neither the time frame imposed nor the requirement of driving or being in actual physical control defy common understanding. The statute gives fair notice to a driver who has been drinking that blood alcohol testing may take place over a two-hour period and that a BAC of 0.10 within that time violates section 28–692(A)(2).

Defendant argues that, under the statute's language, a "person could be guilty of violation of A.R.S. section 28–692(A)(2) by consuming alcoholic beverages after driving or by driving several hours after consuming alcohol when his blood alcohol level is considerably less than 0.10 and he is no longer affected by it." For these reasons, defendant argues, a person of ordinary intelligence cannot determine what conduct the statute proscribes. This argument is without merit. First, if one drives "several hours after consuming alcohol when his blood alcohol level is considerably less than 0.10," that person does not violate section 28–692(A)(2).[4] Second, if one consumes alcoholic beverages within two hours after driving, with a BAC of 0.10 or more within the two-hour period but not at the time of driving, that fact may establish an affirmative defense under A.R.S. section 28–692(B). Thus, reading the statute as a whole, as we have a duty to do, we conclude that the conduct made criminal by the statute is described with sufficient particularity for a person of ordinary intelligence.

### D. A.R.S. § 28–692(A)(2) is Not Overbroad

Defendant also claims the statute is overly broad. Defendant argues that one

---

**3.** It is unlawful and punishable ... for any person to drive or be in actual physical control of any vehicle within this state ... while there is 0.10% or more by weight of alcohol in the person's blood at the time of the alleged offense. A.R.S. § 28–692(B) (1988).

**4.** The defendant may still violate section 28–692(A)(1) if he is impaired at the time of driving.

who drinks *after* driving or who drives after his blood alcohol level may have peaked and fallen below 0.10 might still be convicted. Because the defendant, however, does not allege either that the statute substantially infringes upon protected First Amendment freedoms or that he is a member of a class of "innocent" defendants, he lacks standing to assert an overbreadth challenge on behalf of others. *See Cacavas v. Bowen*, 168 Ariz. at 117–18, 811 P.2d at 369–70; *State v. Carruth*, 132 Ariz. 368, 370, 645 P.2d 1282, 1284 (App.1982).

### E. *A.R.S. § 28–692(B) Does Not Impermissibly Shift the Burden of Proof to the Defendant*

■ Finally, the defendant argues that the affirmative defense in section 28–692(B) impermissibly shifts to a defendant the burden of proving that he did not drive with a blood alcohol concentration of 0.10 or more. Defendant cites no authority in support of his argument. Furthermore, a similar argument was rejected in *Cacavas*, where Division Two of this court concluded that section 28–692(B) does not "establish an essential element of the crime and then place the burden of disproving that defined element on the accused." 168 Ariz. at 116, 811 P.2d at 368 (citations omitted). *Cacavas* also tells us that section 28–692(A)(2) is violated by "having the requisite BAC not only at the time of operating or controlling the motor vehicle *but also within two hours thereafter.*" *Id.*, 168 Ariz. at 117, 811 P.2d at 369 (emphasis supplied; citations omitted). We agree with Division Two. The essential element of 28–692(A)(2) is having a BAC of 0.10 percent within two hours after driving. Section 28–692(B) neither establishes that element nor places the burden of disproving it on

the defendant. To convict a defendant of a violation of section 28–692(A)(2), the state must still prove beyond a reasonable doubt that defendant's blood alcohol concentration was 0.10 or more within two hours of driving.

### F. *We Have no Jurisdiction to Consider Defendant's Double Jeopardy and Privilege Against Self–Incrimination Arguments*

#### 1. *Double Jeopardy*

■ Defendant next raises two arguments that exceed our limited jurisdiction. First, he argues that the combined application of A.R.S. section 28–694 (license suspension statute) and A.R.S. section 28–692 (DUI statute) places him twice in jeopardy for a single offense. Given the limited scope of our jurisdiction, we cannot consider the application of the statute to this particular defendant. *See Wolfe*, 137 Ariz. at 134, 669 P.2d at 112. Nevertheless, we refer defense counsel to *State v. Nichols*, 169 Ariz. 409, 819 P.2d 995 (App.1991). There, we held an administrative action suspending the defendant's driver's license is not punishment for purposes of double jeopardy and does not prevent the state from punishing that person for violating the criminal laws against drunk driving. *Id.* at 412, 819 P.2d at 998.

#### 2. *Self–Incrimination*

Defendant also asserts that to raise the affirmative defense in A.R.S. section 28–692(B),[5] he must abandon his right to avoid self-incrimination. He contends that only rarely can a defendant prove the affirmative defense without testifying directly about his consumption. Again, our jurisdiction is limited to the facial validity of the

---

5. A.R.S. § 28–692(B) states:

It is an affirmative defense to a charge of a violation of subsection A, paragraph 2 of this section if the person did not have an alcohol concentration of 0.10 or more at the time of driving or of being in actual physical control of a vehicle. If a defendant produces some credible evidence that his blood alcohol concentration at the time of driving or being in actual physical control of a vehicle was below 0.10, the state must prove beyond a reasonable doubt

that the defendant's blood alcohol content was 0.10 or more at the time of driving or being in actual physical control of a vehicle. It is not a defense to a charge of a violation of subsection A, paragraph 1 of this section that the person is or has been entitled to use the drug under the laws of this state. A person using a drug prescribed by a medical practitioner licensed pursuant to title 32, chapter 7, 11, 13 or 17 is not guilty of violating subsection A, paragraph 3 of this section. (Footnote omitted.)

**124**

statute. We cannot consider the proof problems presented by the statute to this particular defendant.

## CONCLUSION

Statutory enactments come to this court with a presumption of constitutional validity. *Chevron Chemical Co. v. Superior Ct.*, 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982). The defendant has not overcome that presumption. Therefore, we affirm the superior court's order remanding this case to the municipal court for disposition.

GERBER, P.J., and KLEINSCHMIDT, J., concur.