## STATE OF CONNECTICUT *v.* ROBERT KORHN
(14345)

Lavery, Schaller and Hennessy, Js.

Argued December 12, 1995—officially released June 25, 1996

*Albert E. Goring,* with whom, on the brief, was *Susan Dixon,* for the appellant (defendant).

*Michele C. Lukban,* deputy assistant state's attorney, with whom, on the brief, were *Kevin T. Kane,* state's attorney, and *Daniel J. Guariglia,* deputy assistant state's attorney, for the appellee (state).

HENNESSY, J. The defendant, Robert Korhn, appeals from the judgment of conviction, rendered after a jury trial, of operating a motor vehicle while under the influ-

ence of intoxicating liquor in violation of General Statutes § 14-227a (a) (2).[1] The defendant claims that General Statutes § 14-227a (c) (6),[2] as amended by No. 93-371, § 2, of the 1993 Public Acts,[3] is unconstitutional as written or applied in this case and that the court's charge to the jury, which outlined and applied the presumption set forth in said section as to the defendant's blood alcohol content (BAC) at the time of the alleged offense, resulted in a denial of due process in violation of the fifth and fourteenth amendments to the United States constitution.

The jury reasonably could have found the following facts. After spending several hours in a New London bar, the defendant proceeded onto Interstate 95, where an off-duty state trooper observed him traveling at a high rate of speed. The trooper stopped the defendant

---

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor . . . . A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor . . . if he operates a motor vehicle . . . (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[2] Although the defendant refers to the statutory language under consideration as being part of subdivision (6) of subsection (c) of § 14-227a, it is clear that the presumption that he challenges is not part of subdivision (6) but follows it. Therefore, we refer to the presumption as part of subsection (c) generally.

[3] General Statutes § 14-227a (c) provides in relevant part: "[I]n any criminal prosecution for violation of subsection (a) or (b) of this section, evidence respecting the amount of alcohol . . . in the defendant's blood or urine at the time of the alleged offense, as shown by a chemical analysis of the defendant's breath, blood or urine shall be admissible and competent provided . . . (6) evidence is presented that the test was commenced within two hours of operation. In any prosecution under this section it shall be a rebuttable presumption that the results of such chemical analysis establish the ratio of alcohol in the blood of the defendant at the time of the alleged offense, except that if the results of the additional test indicate that the ratio of alcohol in the blood of such defendant is twelve-hundredths of one per cent or less of alcohol, by weight, and is higher than the results of the first test, evidence shall be presented that demonstrates that the test results and the analysis thereof accurately indicate the blood alcohol content at the time of the alleged offense."

and administered two field sobriety tests. After concluding that the defendant was intoxicated, he radioed the Troop E barracks by radio and asked that an on-duty trooper come to the scene. After observing the appearance of the defendant, the responding trooper administered a field sobriety test, concluded that the defendant was intoxicated and arrested him.[4]

The defendant contends that the rebuttable presumption set forth in § 14-227a (c), which provides that the level of alcohol in a person's blood is the same at the time of his operation of a motor vehicle as it is at the time of the blood alcohol test performed one and one-half hours later, is entirely irrational. Therefore, he argues that even though the trial court may charge the presumption as a permissive inference, the statute violates his right to due process because its suggested conclusion is not one that reason and common sense justify in light of the facts before the jury. The defendant also contends that the presumption shifts the burden of proof from the state to the defendant on an essential element of the offense, namely, that the defendant's BAC was greater than 0.10 percent at the time he was operating the vehicle. The state contends that the analysis of the constitutionality of the rebuttable presumption in the statute must be viewed in its application to the defendant. The state asserts that the proper inquiry is whether it is reasonably likely that the jury applied the instruction from the court so as unconstitutionally to shift to the defendant the burden of persuasion on an essential element of the offense and whether the jury could rationally make the connection permitted by the inference.

---

[4] The defendant was stopped by the trooper at approximately 1:15 a.m. After he was taken to the barracks, he was administered a breathalyzer test at 2:46 a.m. with a result of 0.169 percent BAC. He was administered a second test at 3:27 a.m., with a result of 0.170 percent BAC.

In *State* v. *Geisler*, 22 Conn. App. 142, 160–62, 576 A.2d 1283, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990), vacated on other grounds, 498 U.S. 1019, 111 S. Ct. 663, 112 L. Ed. 2d 657, on remand, 25 Conn. App. 282, 594 A.2d 985 (1991), aff'd, 222 Conn. 672, 610 A.2d 1225 (1992), this court determined, under General Statutes (Rev. to 1985) § 14-227a (c) as amended by Public Acts 1985, No. 85-596, what evidence was necessary to prove a violation of § 14-227a (a) (2). In *Geisler*, the state was required to prove that the vehicle was operated on a public highway while the driver's BAC was 0.10 percent or higher. *State* v. *Geisler*, supra, 159. General Statutes (Rev. to 1985) § 14-227a (c), as amended by Public Acts 1985, No. 85-596, set forth six preconditions for the admissibility of a chemical test. *State* v. *Geisler*, supra, 160. If the six preconditions were met, the chemical test could be used to show the BAC of the accused. Id., 160–61. Precondition (5) required that " 'an additional chemical test of the same type [be] performed at least thirty minutes after the initial test was performed' "; id., 160; and precondition (6), as then written, provided that " 'evidence [must be] presented which demonstrates that the test results *and the analysis thereof* accurately reflect the blood alcohol content at the time of the alleged offense.' " (Emphasis in original.) Id., 160–61; see General Statutes (Rev. to 1987) § 14-227a (c) (5) and (6) (incorporating 1985 amendment). This court interpreted subdivision (6) to require that expert testimony specifically relate the BAC at the time of the tests to the BAC at the time of operation of the vehicle. *State* v. *Geisler*, supra, 161–62.

Subsequent to the *Geisler* decision, in Public Acts 1993, No. 93-371, the legislature amended the "analysis thereof" language of § 14-227a (c) so that the state could prove a violation of § 14-227a (a) (2) without the need for extrapolation testimony. The legislature inserted a rebuttable presumption that provides that the BAC at

the time of operation will be presumed to be the same as it was at the time of the first test without extrapolation testimony. General Statutes § 14-227a (c). If the result of the second test is higher than that of the first test and measures 0.12 percent or less, the presumption is invalid and expert testimony relating the BAC to the time of the incident is required. General Statutes § 14-227a (c).

Connecticut has joined a growing number of states that do not generally require expert testimony to relate a driver's BAC at the time of the test to the driver's BAC at the time of operation. The laws in these states provide that if the test is administered within a certain time after the offense, the chemical test results can be used to infer a violation. *State* v. *Geisler*, supra, 22 Conn. App. 162–63, citing *Erickson* v. *Municipality of Anchorage*, 662 P.2d 963, 964–65 (Alaska App. 1983) (presumption of violation if administered within four hours); *People* v. *Pritchard*, 162 Cal. App. 3d Sup. 13, 16, 209 Cal. Rptr. 314 (1984) (rebuttable presumption of illegal BAC if within three hours); *State* v. *Larson*, 429 N.W.2d 674, 676–77 (Minn. App. 1988) (within two hours); *People* v. *Mertz*, 68 N.Y.2d 136, 139, 497 N.E.2d 657, 506 N.Y.S.2d 290 (1986) (prima facie case established if administered within two hours); *State* v. *Ulrich*, 17 Ohio App. 3d 182, 190, 478 N.E.2d 812 (1984) (within two hours).

Although the defendant wants this court to address the constitutionality of § 14-227a (c) on its face, we decline to do so. Instead, we address the statute as it applies to the defendant in this case. "A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.

*Broadrick* v. *Oklahoma,* 413 U.S. 601, 610 [93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973)]." *Ulster County Court* v. *Allen,* 442 U.S. 140, 154–55, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979).

In the present case, the defendant contends that the statutory presumption, as applied to him and as explained to the jury, denied him his right to due process. The defendant argues that the application of the presumption in the jury charge constituted a denial of due process because no rational connection exists between the facts proved and the facts presumed. He contends that the possibility that his BAC at the time of the offense was the same as it was at the time of the first test is so remote as to render the § 14-227a (c) presumption meaningless and, therefore, invalid. The state argues that the jury charge clearly defined the rebuttable presumption as a permissive inference. Furthermore, the state contends that, based on the test results, the conclusion that the defendant was operating a motor vehicle while under the influence of intoxicating liquor is grounded in reason and common sense.

The court emphasized in its charge to the jury that the "presumption" was an inference that a fact exists, that the presumption is not binding and the jury is not obligated to attach any weight to it, that it can be overcome by other evidence presented in the case and that all of the evidence in the case must still be considered in determining if the state has proven the defendant's guilt beyond a reasonable doubt. The words "rebuttable presumption" were defined by the court as a permissive inference. Our Supreme Court has stated that "[a] permissive inference suggests to the jury a possible conclusion to be drawn if the state proves predicate facts, but does not require the jury to draw that conclusion." (Internal quotation marks omitted.) *State* v. *Amarillo,* 198 Conn. 285, 302, 503 A.2d 146 (1986). "An 'entirely permissive inference or presump-

tion, which allows—but does not require—the trier of fact to infer the elemental fact from the proof by the prosecutor of the basic one and that places no burden of any kind on the defendant . . . [does not violate due process unless] there is no rational way the trier could make the connection permitted by the inference.' *Ulster County Court* v. *Allen,* [supra, 442 U.S. 157] . . . ." *State* v. *Truppi,* 182 Conn. 449, 456, 438 A.2d 712 (1980), cert. denied, 451 U.S. 941, 101 S. Ct. 2024, 68 L. Ed 2d 329 (1981).

The permissive presumption or inference set forth in the statute as presented to the jury does not shift the burden of proof on the element of being under the influence of intoxicating liquor at the time of operation of a motor vehicle to the defendant. The jury was never instructed that the presumption or inference was mandatory. This permissive inference permits an instruction that the jury may conclude that the presumed fact exists if it finds that the basic fact exists. See 1 W. LaFave & A. Scott, Substantive Criminal Law (1986) § 2.13 (a), pp. 224–25.

The inference in the statute is based on the legislative assumptions that a person driving a vehicle after consuming sufficient alcohol to register a BAC of 0.10 percent or more presents an unacceptable risk of danger to the public and that if the driver has not consumed any alcohol between the time he ceases driving and the time he takes the BAC test, the BAC results will always be equal to or less than his BAC at the time he was driving. *Erickson* v. *Municipality of Anchorage,* supra, 662 P.2d 969 (Singleton, J. concurring). While these factual assumptions may be subject to dispute, "[i]t is sufficient if a reasonable legislator could believe them to be true." Id.

The statute also provides that the presumption can exist when the second test result is higher than the first test result. General Statutes § 14-227a (c). When the

second test result is greater than the first test result, the statute allows the presumption if the second test result is greater than 0.12 percent. General Statutes § 14-227a. This presumption is based on the assumption that if the second test is greater than 0.12 percent, the driver's BAC was greater than 0.10 percent at the time of operation. On the other hand, the statute does not allow the presumption that the driver's BAC was greater than 0.10 percent at the time of operation if the second test result is 0.12 percent or lower and is higher than the first test result.

In the present case, the presumption applies because the result of the second test was 0.170 percent, far above the 0.12 percent threshold. The defendant's BAC one and one-half hours after he was observed operating a motor vehicle on a public highway was 0.169 percent. Forty-one minutes after the first test, the defendant's BAC was 0.170 percent. The defendant did not consume any alcohol from the time he was observed operating the motor vehicle until the tests were administered, and the breathalyzer equipment was operating properly.[5] These facts are adjudicative and must be proven beyond a reasonable doubt in order to be used to support the inference set forth in the statute. The court so instructed the jury.

On the basis of the facts that were presented, the instruction to the jury that it must find those facts to be true beyond a reasonable doubt, and the instruction that the jurors could draw on their experience and common sense, it was reasonable for the jury to infer that the defendant's BAC was 0.10 percent or higher at the time of operation. Additionally, the instructions to the jury clearly stated that the rebuttable presumption

---

[5] The defendant argued at trial that the breathalyzer was not functioning properly. The trial court charged the jury that it could weigh that testimony in determining the validity of the tests. The jury apparently did not credit this testimony.

as set forth in § 14-227a (c) was a permissive inference that the jury could, but did not have to, accept to convict the defendant. A rational basis exists for the jury to make the connection permitted by the inference, and we therefore conclude that the use of the rebuttable presumption did not deprive the defendant of due process.

The judgment is affirmed.

In this opinion the other judges concurred.