## STATE OF CONNECTICUT *v.* ALAN M. NOKES
## (14355)

Dupont, C. J., and O'Connell and Spear, Js.

Argued April 2—officially released July 2, 1996

*Stephen F. Cashman*, for the appellant (defendant).

*Christopher T. Godialis*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Mary Rose Flaherty*, deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The principal issue of this appeal is whether the trial court's instruction on the rebuttable presumption in General Statutes § 14-227a (c)[1] impermissibly shifted the burden of proof on an essential element of the offense of operating a motor vehicle

[1] General Statutes § 14-227a (c) provides in relevant part: "Except as provided in subsection (d) of this section, in any criminal prosecution for violation of subsection (a) or (b) of this section, evidence respecting the amount of alcohol or drug in the defendant's blood or urine at the time of the alleged offense, as shown by a chemical analysis of the defendant's breath, blood or urine shall be admissible and competent provided . . . (6) evidence is presented that the test was commenced within two hours of operation. In any prosecution under this section it shall be a rebuttable presumption that the results of such chemical analysis establish the ratio of alcohol in the blood of the defendant at the time of the alleged offense, except that if the results of the additional test indicate that the ratio of alcohol in the blood of such defendant is twelve-hundredths of one per cent or less of alcohol, by weight, and is higher than the results of the first test, evidence shall be presented that demonstrates that the test results and the analysis thereof accurately indicate the blood alcohol content at the time of the alleged offense."

while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a).[2]

The defendant was arrested without a warrant after a Berlin police officer witnessed the defendant driving erratically. The defendant failed field sobriety tests, was read his *Miranda* rights and was taken to the police station where he submitted to two breath tests. The first test was administered about twenty-eight minutes after the defendant's arrest and measured his blood alcohol content (BAC) at 0.219 percent; the second test was administered about one hour after his arrest and measured his BAC at 0.210 percent. The defendant was found guilty by a jury of operating a motor vehicle while under the influence of intoxicating liquor.

The pertinent part of the charge that must be analyzed in order to resolve the defendant's claim is as follows: "In any criminal prosecution for driving a vehicle while under the influence of, or affected by the use of, intoxicating liquor, the amount of alcohol in the defendant's blood at the time alleged is shown by chemical analysis of the defendant's blood, urine, breath or other bodily substance, shall give rise to the following presumptions: If there was at that time ten hundredths of one percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the

[2] General Statutes § 14-227a (a) provides: "Operation while under the influence. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

influence of intoxicating liquor. If you find that the results of the chemical analysis test are above twelve hundredths of one percent, and that the test was commenced within two hours of the time of operation, then you *can* find that the ratio of alcohol in the defendant's blood was in excess of the legal limit of ten hundredths of one percent at the time of operation. These presumptions are rebuttable presumptions. These presumptions can be overcome by the defendant through the introduction of other evidence. You will recall that the defense introduced the testimony of [Brian] Pape, an expert in the field of toxicology. It is for you to decide whether or not to believe all or any part of his testimony, and whether or not his testimony successfully rebutted the presumptions." (Emphasis added.)

The defendant excepted to the instruction, claiming that it unconstitutionally shifted the burden of proof from the state to the defendant and that, because he had presented evidence to rebut the presumption, the jury should not have been instructed on the presumption at all.

A challenge to a jury instruction requires a review to determine whether it is reasonably possible that a jury was misled; *State* v. *Ortiz*, 217 Conn. 648, 667, 588 A.2d 127 (1991); and the instruction is to be read as a whole to judge its total effect rather than its individual parts. *State* v. *Leroy*, 232 Conn. 1, 8, 653 A.2d 161 (1995).

The jury charge here allowed the jury to make a permissive inference in that it could consider the test results and attach whatever weight it chose to them. The charge did not impermissibly allow the state to use an evidentiary presumption to relieve itself of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. See *Francis* v. *Franklin*, 471 U.S. 307, 313, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985). The court told the jury that if the defendant's

BAC was 0.10 percent it shall be presumed that he was under the influence of intoxicating liquor, that the jury could find that his BAC was in excess of 0.10 percent, but that the presumption was rebuttable and could be overcome by the defendant. The court specially noted that the defendant's expert's testimony should be considered to determine if his testimony rebutted the presumption that otherwise could exist. The instruction made it clear that the presumption was not binding because it could be overcome by other evidence. The jury was never instructed that the presumption or inference was mandatory, and the burden of persuasion never shifted.

The instructions in this case are very similar to those upheld in *State* v. *Korhn*, 41 Conn. App. 874, 678 A.2d 492 (1996), and we conclude that *Korhn* controls the disposition of this case. Nothing in § 14-227a (c) implies that the production of evidence to rebut the presumption eliminates the presumption if the jury chooses to believe the facts underlying the presumption.

The defendant also claims that the trial court incorrectly characterized the rebuttable presumption as one based on public policy. We need not determine whether that is an accurate characterization because the statement was made in response to an exception to the charge made outside of the jury's presence and could not, therefore, have misled the jury.

The judgment is affirmed.