[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9871
Plaintiff Michael Jarvis appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after being arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. The police encountered the plaintiff operating his vehicle on July 30, 1994, and subsequently arrested him and charged him with driving while under the influence of alcohol in violation of General Statutes § 14-227a. Within two hours after operation, the police administered two breath tests with results of .207 and .205, respectively, and these results were admitted in evidence at the administrative hearing. In opposition, the plaintiff entered in evidence a written statement of an expert toxicologist to the effect that, in his opinion, it is "scientifically impossible" to determine, from the results of the breath tests, the plaintiff's alcohol level at the time of operation of the vehicle. There was no other evidence on that issue.
In response to the court's order, on remand of the case, the hearing officer rendered a final decision setting forth his findings and conclusions. The hearing officer determined that the evidence, the test results in particular, provides sufficient basis "to conclude that the respondent's BAC level was .10 or greater at the time of the alleged offense, irrespective of the narrative report of Dr. O'Brien." Accordingly, the hearing officer, acting in behalf of the commissioner, ordered the plaintiff's license suspended pursuant to General Statutes § 14-227b.
The relevant statutory provisions are contained in General Statutes § 14-227b, as amended by Public Act 93-371. For purposes of this case, that statute generally provided that the commissioner must suspend the license CT Page 9872 of an individual if, at the time he was operating a vehicle, the ratio of alcohol in his blood was ten hundredths of one per cent or more, by weight.
The legislature enacted Public Act 93-371, amending § 14-227b, after the Appellate Court's decision inMarshall v. DelPonte, 27 Conn. App. 346 (1992). That decision had held that there had to be substantial evidence in the record to support a hearing officer's finding that the results of a chemical test, performed subsequent to the individual's arrest, could be extrapolated back to the time of his or her operation of the vehicle. The Act amended subsection (f) of § 14-227
to eliminate that requirement. The statute, as it applies to this case, provides in pertinent part as follows:
 (3) . . . did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol by weight. . . . In the hearing, the results of such test or analysis shall be sufficient to indicate the ratio of alcohol in the blood of such person at the time of operation . . . . (Emphasis added.)
The sole basis of the plaintiff's appeal in this case is that there was insufficient evidence in the record to support the hearing officer's determination that the alcohol content of the plaintiff's blood exceeded the legal level at the time the plaintiff was operating his vehicle. Specifically, the plaintiff argues that the written report of Dr. O'Brien, his expert, was sufficient to rebut the inference permitted by subsection (f) of § 14-227b(f) in the excerpt underscored above. This means, the plaintiff argues, that the commissioner was then required to present additional evidence to justify the extrapolation of the test results back to the time of operation.
Our Appellate Court has recently released two decisions bearing on the plaintiff's claims in this regard. State v. Korhn, 41 Conn. App. 874 (1996) and CT Page 9873State v. Nokes, 42 Conn. App. 10 (July 2, 1996) (Remanded for further consideration of other issues; 239 Conn. 926). These decisions establish that provisions in § 14-227a, essentially identical to those in § 14-227b that are in question here, create only a permissive inference, not a rebuttable presumption, and are, therefore, not unconstitutional.
More significantly for resolution of the issues before the court in the present case, the Appellate Court decisions also establish that the jury may draw the inference notwithstanding expert evidence to the contrary, provided only that the predicate facts are found to be true. In such a case, the jury is free to believe or disbelieve the contrary evidence presented by an expert.
The same principle applies equally to an administrative proceeding under § 14-227b. A hearing officer may rely on the provisions of the statute and infer that the plaintiff's alcohol level exceeded the legal level at the time of operation of the vehicle, provided only that there is substantial evidence to prove the predicate facts. The predicate facts are that the test was commenced within two hours of operation of the vehicle and that the results of the test indicated that the ratio of alcohol in the plaintiff's blood was ten hundredths of one percent or more of alcohol by weight, at the time of the test. If those predicate facts are shown, the hearing officer is free to believe or disbelieve expert evidence disputing the statutory inference. No additional expert evidence is required in such event to support the hearing officer's decision to draw the inference permitted by the statute.
In the present case, the hearing officer plainly relied on the inference permitted by the statute to support the factual finding that the plaintiff's alcohol level exceeded the legal limit at the time of operation of the vehicle. There was no dispute as to the predicate facts. It was not error, therefore, for the hearing officer to rely on the statutory inference, notwithstanding the plaintiff's evidence in opposition.
The appeal is dismissed. CT Page 9874
MALONEY, J.