DANIEL C. SETTANI *v.* COMMISSIONER OF
MOTOR VEHICLES
(AC 16911)

Lavery, Spear and Healey, Js.

Argued December 9, 1997—officially released April 14, 1998

*Norman B. Teague,* for the appellant (plaintiff).

*Robert L. Marconi,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

HEALEY, J. On August 20, 1996, the plaintiff, Daniel C. Settani, was arrested at approximately 1:15 a.m. in Watertown for operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. He thereafter submitted to two breath tests administered by the Watertown police. The first breath test was performed at 1:44 a.m. and the second at 2:27 a.m. The results demonstrated a blood alcohol content (BAC) of 0.229 percent and 0.222 percent respectively. On August 23, 1996, the defendant commissioner of motor vehicles notified the plaintiff of the suspension of his motor vehicle operator's license pursuant to General Statutes § 14-227b for failing a chemical blood alcohol test.

On October 4, 1996, an administrative hearing was held before the commissioner's hearing officer on this matter; see General Statutes § 14-227b (f) and (g); during which no testimony was offered. The only evidence introduced was documentary in nature. The commissioner introduced the arresting officer's "DWI Arrest and Alcohol Test Report," as well as his incident report. The plaintiff introduced a letter written by his expert, James O'Brien, a toxicologist. On October 4, 1996, the hearing officer rendered a decision affirming the suspension of the plaintiff's license. The plaintiff appealed that decision to the Superior Court pursuant to the Uniform Administrative Procedure Act. See General Statutes § 4-166 et seq. On January 15, 1997, the Superior Court dismissed the plaintiff's appeal.

In its decision dismissing the appeal, the Superior Court acknowledged the written opinion of O'Brien, whose letter, the court indicated, effectively stated that it is not scientifically possible to determine, from the results of the breath tests, the plaintiff's BAC at the time of operation. The court pointed out that the relevant

statutory provisions are contained in § 14-227b, which was amended by No. 93-371 of the 1993 Public Acts and No. 94-189 of the 1994 Public Acts. The court noted that Public Act 93-371 eliminated the statutory requirement that there had to be substantial evidence in the record to support a hearing officer's finding that the results of postarrest chemical testing could be extrapolated back to the time the plaintiff was operating his motor vehicle. The court also pointed out that Public Act 94-189 eliminated the requirement that the hearing officer make a finding of the level of the operator's BAC at the time of operation, and allowed the commissioner to suspend the license if the breath tests were administered within two hours of the time of operation and revealed an illegal level at the time of testing.

The Superior Court pointed out that the plaintiff's appeal was based on the premise that the hearing officer "must still determine that [the plaintiff's BAC] exceeded the legal level at the time [of operation]." That court correctly indicated that that requirement had been eliminated by Public Act 94-189. The Superior Court held that the hearing officer's finding that the plaintiff's BAC exceeded the legal limit within two hours after operation constituted substantial undisputed evidence and, accordingly, upheld the hearing officer's decision.[1] The trial court rejected the plaintiff's attacks on the fact-finding process, stating that they had been addressed earlier in such cases as *Ramisk* v. *Commissioner of Motor Vehicles*, 45 Conn. App. 924, 696 A.2d 1325, cert. denied, 243 Conn. 923, 701 A.2d 343 (1997).

In his appeal to this court, the plaintiff claims (1) that the trial court acted improperly in dismissing his

---

[1] The trial court also determined that even if the statute were interpreted to require the hearing officer to extrapolate the results of the testing back to the time of operation, § 14-227b (f) (3) allows the hearing officer to infer the BAC from the results of timely testing.

administrative appeal because the hearing officer misapplied the presumption of § 14-227b (f) to the facts of this case, and (2) that the presumption of § 14-227b is unconstitutional as applied to him because there is no rational connection between the basic facts—the test results—and the presumed fact—that the plaintiff driver had a BAC of 0.10 percent or greater at the time of operation.

The first claim questions the nature and effect of the presumption in § 14-227b (f) and asserts that the hearing officer could not disbelieve the uncontradicted evidence of O'Brien. Therefore, the plaintiff argues, there was no substantial countervailing evidence of the statutorily required finding that his BAC was 0.10 percent or greater at the time of operation. The second claim challenges the rationality of the statutory presumption in light of the particular facts of this case. There, the plaintiff contends: "Specifically, the facts on this record are that [his] test results are essentially similar" and, given the expert evidence of O'Brien, the presumption is irrational and, thus, unconstitutional as applied to him. After a careful consideration of the plaintiff's claims, we are not persuaded.

This court has this day published its opinion in *Bancroft* v. *Commissioner of Motor Vehicles*, 48 Conn. App. 391, 710 A.2d 807 (1998). In that opinion, we decided all of the issues raised by the plaintiff's first claim. We incorporate into this opinion our analysis of those matters as they are set out in *Bancroft*.

As to this plaintiff's second claim, that the statutory presumption is unconstitutional as applied to him, we must reject it, given our analysis in *Bancroft* of the nature and effect of that presumption, as well as the right of the hearing officer to disbelieve the defendant's expert.[2] The plaintiff gains nothing by characterizing

[2] It is true that O'Brien stated that it cannot be determined with reasonable scientific certainty whether the plaintiff's BAC was at or above 0.1 percent

the test results as "essentially identical." Both results were well in excess of the legal BAC of 0.10 percent.

The judgment is affirmed.

In this opinion the other judges concurred.

at the time of operation because, given the standard error of 5 percent for this intoximeter, the tests are essentially identical. His letter does not say that the plaintiff's test results were below the legal level of 0.10 percent at the time of operation. His report does not say whether or how it is scientifically possible for a person, let alone this plaintiff, to have a BAC of 0.229 percent thirty minutes after operating a motor vehicle without having had a BAC of 0.10 percent or greater at the time of operation. In short, the O'Brien letter could be read as not having rebutted the statutory presumption in the first place.