[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: STAY
The court dismissed the plaintiff's appeal from the commissioner's suspension of her license on October 23, 1997. On November 10, 1997, the plaintiff filed an appeal from that dismissal to the Appellate Court. On January 8, 1998, upon motion by the plaintiff, the court granted a stay pending further order of the court:
This is a limited stay. The plaintiff is permitted to drive CT Page 4404 to work and to court (for her own cases.) She is not permitted to drive for any other purpose. Plaintiff, plaintiff's counsel and defendant's counsel shall update the court on the status of this matter and related matters by appearing April 6, 1998 at 2:15 p. m.
At the January 8, 1998 hearing, defendant's counsel referred to two pending cases before the Appellate Court which addressed issues similar to those raised by the plaintiff. In light of that representation and in order to monitor the plaintiff's compliance with the court's order[1], the parties were ordered to appear before the court on April 6, 1998. The hearing took place on April 13, 1998.
At that hearing, the commissioner advised the court that the Appellate Court had issued decisions on the two cases he referred to at the January 8, 1998 hearing, namely, Bancroft v.Commissioner of Motor Vehicles, 48 Conn. App. 391 (1998), andSettani v. Commissioner of Motor Vehicles, 48 Conn. App. 418
(1998). According to the commissioner, those two decisions are determinative of the issues raised in the plaintiff's appeal. Hence, he argues, the plaintiff's appeal is without merit, and the stay should be terminated. The plaintiff concedes that these two decisions weaken her appeal but argues that her case is factually distinguishable.
In deciding whether a stay should be terminated under P.B. § 16-11, the court considers whether the appeal is taken for delay or whether the due administration of justice requires that the stay be terminated. Under General Statutes § 4-183 (f), the court considers several factors to consider whether to grant a stay "on appropriate terms": the likelihood the appellant will prevail the irreparability of injury from immediate implementation of the suspension, the effect on other parties, and the public interest. Griffin Hospital v. Commission onHospitals and Health Care, 96 Conn. 451, 455 (1985).
The parties agree that the issue before the court is whether the Bancroft and Settani decisions render the plaintiff's appeal without merit.[2] Here, the plaintiff claimed that the hearing officer improperly disregarded the only expert testimony and that the plaintiff's expert rebutted the statutory presumption of General Statutes § 14-227b(f). The memorandum of decision affirming the commissioner's decision concludes the following: CT Page 4405
 In Ramisk v. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Doc. No. 558492, p. 4, July 11, 1996, affirmed, 45 Conn. App. 924 (per curiam), cert. denied, 243 Conn. 923 (1997), Judge Maloney relied upon State v. Korhn, 41 Conn. App. 874 (1996) and State v. Nokes, 42 Conn. App. 10 (1996), to find that
 a hearing officer may rely on the presumption created by the statute if he or she disbelieves expert evidence to the contrary. Additional expert evidence to rebut the plaintiff's evidence is not required in such a case.
 Here, while it is not clear that the hearing officer disbelieved the expert's testimony, it is clear that Dr. O'Brien's testimony did not defeat the presumption. He testified that the intoxilyzer was functioning properly and did not testify to any facts that would defeat the statutory presumption that the plaintiff was intoxicated while she operated her automobile. While Dr. O'Brien found the difference between the two test results highly improbable, he did not testify to any facts that the plaintiff's BAC was not over .10 at the time of the first test. In fact, both results were over .10 BAC. An opinion that the sequence of the two results, .136 to .115, is highly improbable does not challenge the predicate facts of the statutory presumption. The finding of the hearing officer that the test was administered within two hours of operation is not in dispute. See Jarvis v. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Doc. No. 558578 (November 8, 1996) (Maloney, J.). Accordingly, the hearing officer properly relied on the statutory presumption to infer that the plaintiff's alcohol level exceeded the legal limit at the time she operated the vehicle.
The appeal is dismissed.
Monsonis v. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Doc. No. 572415 (October 22, 1997), pp. 7-8.
In Bancroft v. Commissioner of Motor Vehicles, supra, andSettani v. Commissioner of Motor Vehicles, supra, the Appellate Court addressed and decided the issues the plaintiff raises here. Further, it specifically cited and relied on the language in CT Page 4406Ramisk v. Commissioner of Motor Vehicles 45 Conn. App. 924, cert denied, 243 Conn. (1997), cited and relied on in the decision here. The factual distinction the plaintiff raises, that the expert testimony was live in this case and by letter in those cases, does not distinguish the cases on the merits. The following language from Bancroft v. Commissioner of Motor Vehicles, supra, is dispositive of the plaintiff's issues:
 As we explained in Korhn, "the permissive inference or presumption" as set out in the statute does not shift the burden of proof on the matter of intoxication at the time of operation to the motor vehicle operator, but rather permits the fact finder to conclude that the presumed fact-BAC of at least 0.10 percent at the time of operation-exists if the fact finder finds the basic fact-test readings in excess of those required to trigger the exception under § 14-227a(c). The test readings in this case do not trigger the exception set out in that statute.
Id, 402-03.
 The Ramisk trial court held that this principle applied equally to an administrative hearing under § 14-227b, saying that "[a] hearing officer may rely on the presumption created by the statute if he or she disbelieves expert evidence to the contrary. Additional expert evidence to rebut the plaintiff's evidence is not required in such a case." Id. We are persuaded, therefore, that in such cases the fact finder is not required to accept such expert evidence to the extent that he or she disbelieves it in whole or in part. The plaintiff has not shown that this hearing officer, acting as a public officer, did, in fact, disregard O'Brien's letter as claimed.
(Footnotes omitted.) Id., 407.
In Settani v. Commissioner of Motor Vehicles, supra,48 Conn. App. 421, note 2 (1998), the court noted,
 It is true that O'Brien says that it cannot be determined with reasonable scientific certainty whether the plaintiff's BAC was at or above 0.1 percent at the time of operation because, given the standard error of 5 percent for this intoximeter, the tests are essentially identical. His letter does not say that the plaintiff's test results were below the CT Page 4407 legal level of 0.10 percent at the time of operation. His report does not say whether or how it is scientifically possible for a person, let alone this plaintiff, to have a BAC of 0.229 percent thirty minutes after operating a motor vehicle without having had a BAC of 0.10 percent or greater at the time of operation. In short, the O'Brien letter could be read as not having rebutted the statutory presumption in the first place.
Similarly, here, the expert testimony never addressed the test results as related to the plaintiff's level of intoxication at the time of operation.
Further, at the January 8, 1998 hearing, plaintiff's counsel alerted the court to another motor vehicle appeal his office prosecuted to the Appellate Court, raising the same issues. That case was decided, affirming the trial court's dismissal of the plaintiff's appeal. Moliengo v. Commissioner of Motor Vehicles,47 Conn. App. 934 (1998).
The court finds that the issues raised in this case have been addressed by the Appellate Court in a manner that makes it highly unlikely that the plaintiff will prevail in her appeal. The plaintiff's attempts to distinguish her case from this precedent are not persuasive. In view of this precedent, the court finds that the plaintiff's prosecution of this appeal is for purposes of delay. Further, the court is cognizant of the public interest involved in license suspension cases under General Statutes §14-227b. Where the Appellate Court has not once but several times ruled on the issues raised by the plaintiff, it is in the public interest to implement the commissioner's order without further delay. Due administration of justice requires this court to terminate the stay.
So ordered.
DiPentima, J.