[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this administrative appeal, the plaintiff, Edgar Simard, appeals from a decision of the Commissioner of Motor Vehicles suspending his motor vehicle operator's license for one year pursuant to General Statutes § 14-227b. The record in this case reveals the following facts, which are undisputed. The plaintiff was stopped after police officer Jon Eno, Plainville, Connecticut, Police Department, observed him driving erratically. CT Page 6037 Eno smelled alcohol coming from the plaintiff and the plaintiff's vehicle, and the plaintiff admitted to having three or four drinks that evening. The plaintiff's eyes were glassy and slow to react, and he couldn't recite the alphabet. After being demonstrated and explained, field sobriety tests, which included the horizontal gaze nystagmus, walk and turn, and one leg stand, were administered. The plaintiff failed the field sobriety tests and was arrested for driving under the influence of liquor. At the police station, the plaintiff agreed to take the breath test. The first test resulted in a blood alcohol content (BAC) reading of .126, and the second test resulted in a BAC reading of .114. Thereafter, the plaintiff was notified by the commissioner of motor vehicles that his license would be suspended for one year. The plaintiff requested an administrative hearing. At the hearing, the plaintiff and Dr. James O'Brien testified. Dr. O'Brien testified that the plaintiff's BAC may have been falsely elevated because of alcohol trapped under the plaintiff's dental plate. The plaintiff also presented a letter from Dr. Brian E. Pape on the effect of sequestered alcohol on the BAC readings. The hearing officer issued a decision in which he upheld the suspension.
The plaintiff appealed the hearing officer's decision. On appeal, the plaintiff argues that the hearing officer erred in relying on the statutory presumption in General Statutes §14-227b(f) when he found that the plaintiff's BAC exceeded 0.10 percent because the plaintiff rebutted the presumption as a matter of law by presenting expert evidence on the issue. The plaintiff further argues that the statutory presumption is unconstitutional as applied to him because it is a mandatory presumption. The plaintiff also claims that the presumption, is based upon convenience and thus drops out of the case when the plaintiff introduces substantial countervailing evidence. The plaintiff claims that this case is distinguishable from Bancroftv. Commissioner of Motor Vehicles, 48 Conn. App. 391,710 A.2d 807, cert. denied, 245 Conn. 917, 717 A.2d 234 (1998), andSettani v. Commissioner of Motor Vehicles, 48 Conn. App. 418,710 A.2d 816, cert. denied, 245 Conn. 916, 719 A.2d 1167 (1998), in that in this case he presented live expert testimony, and the experts in this case clearly indicated that the plaintiff's BAC may have been below 0.10% at the time of operation due to correction for the five percent standard error of the Breathalyzer machine and because alcohol trapped in the plaintiff's dental plate may have falsely elevated his BAC readings. CT Page 6038
One of the four issues that must be decided by the hearing officer in the administrative hearing is: "(3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one percent or more of alcohol, by weight." General Statutes § 14-227b(f). General Statutes § 14-227b(f) further provides: "In the hearing, the results of the test or analysis shall be sufficient to indicate the ration of alcohol in the blood of such person at the time of operation, except that if the results of the additional test indicate that the ratio of alcohol in the blood of such person is twelve-hundredths of one percent or less of alcohol by weight, and is higher than the results of the first test, evidence shall be presented that demonstrates that the test results and analysis thereof accurately indicate the blood alcohol content at the time of operation."
The hearing officer's decision in this case states, under "Subordinate Findings," that the hearing officer: "Notes both testimony of expert witness and written report of Dr. Pape (Respondent's Exhibit 2) gave each due weight." (Return of Record (ROR), Item 8, Decision.) At the administrative hearing, Dr. O'Brien testified:
But in view of his [dental] plate, if he had alcohol up in the plate, then it would depend on the contribution of that alcohol when you exhaled. If you have alcohol in the plate, you blow the air when exhaling across the plate, you're going to pick up some of the alcohol. That would have two effects. One; it would falsely elevate both of the numbers. I couldn't tell you how much. I have no clue as to how much, but it would give you an elevated level. Both of them would be elevated. However, the elevation to the first value should be greater than to the second primarily because you're going to carry some of the alcohol off in that process. So if the contribution from the plate was higher, then, you know, the second would be higher than the first. We've got them equal anyway with the 5 percent. There is variation to the blood breath ratio, they're just there. Which one — you know, which variation would be higher or they would be the same, I don't know. But it sure presents a distinct possibility that the second was higher than the first. It could happen. That's all CT Page 6039 I can tell you. All I can tell you is it could happen. It's possible that it did happen to the — with the plate, the values may be falsely elevated. They may be higher than the actual blood value if the alcohol from the plate contributed to the air sample.
(ROR, Item 4, Transcript, pp. 14-15.) In his report, Dr. Pape concludes: "There is a reasonable likelihood Mr. Simard's true BAC was less than 0.100% at the time of his operation and at the time of testing." (ROR, Item 7, Pape Toxicology Report, p. 6.)
"`A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury that a possible conclusion may be drawn if the State prove predicate facts, but does not require the jury to draw that conclusion.'"State v. Gerardi, 237 Conn. 348, 357, 677 A.2d 937 (1996), quoting Francis v. Franklin, 471 U.S. 307, 313-14,105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). Mandatory presumptions violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense. State v. Gerardi, supra,237 Conn. 357. "To pass constitutional muster, a presumption must be cast as a `permissive inference . . . [which] does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved.'" Statev. Nokes, 44 Conn. App. 40, 44, 686 A.2d 999 (1996), quotingFrancis v. Franklin, supra, 471 U.S. 314. "An entirely permissive inference or presumption, which allows — but does not require — the trier of fact to infer the elemental fact form the proof by the prosecutor of the basic one and that places no burden of any kind on the defendant . . . [does not violate due process unless] there is no rational way the trier could make the connection permitted by the inference." (Citations omitted; internal quotation marks omitted.) State v. Korhn,41 Conn. App. 874, 879-80, 678 A.2d 492, cert. denied, 239 Conn. 910,682 A.2d 2020(1996).
"Instructions relating to 14-227a(c) should fulfill the legislature's intent that a jury may infer a defendant's blood alcohol content at the time of the offense under appropriate factual circumstances. `Accordingly, [the court construes] . . . statutory inferences as permissive inferences that a jury may draw under appropriate circumstances in which such an inference is rational or reasonable.'" State v. Nokes, supra, CT Page 604044 Conn. App. 44, quoting State v. Gerardi, supra, 237 Conn. 360. "The inference in the statute is based on the legislative assumptions that a person driving vehicle after consuming sufficient alcohol to register a BAC of 0.10 percent or more presents an unacceptable risk of danger to the public and that if the driver has not consumed any alcohol between the time he ceases driving and the time he takes the BAC test, the BAC results will always be equal to or less than his BAC at the time he was driving. . . . While these factual assumptions may be subject to dispute, [i]t is sufficient if a reasonable legislator could believe them to be true." (Citation omitted; internal quotation marks omitted.) State v. Korhn, supra, 41 Conn. App. 880.
General Statutes § 14-227b(f) creates a rebuttable, as opposed to a conclusive, presumption. Dumont v. Commissioner ofMotor Vehicles, 48 Conn. App. 635, 644, 712 A.2d 427, cert. denied, 245 Conn. 917, 717 A.2d 234 (1998), citing State v.Korhn, supra, 41 Conn. App. 880-81. "A `rebuttable presumption' is defined as a `permissive inference.'" Bancroft v. Commissionerof Motor Vehicles, supra, 48 Conn. App. 401, citing State v.Korhn, supra. 41 Conn. App. 876. The court in Bancroft discussed the similar case of Ramisk v. Commissioner of Motor Vehicles,
Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CV 96 0558492 (July 11, 1996, Maloney, J.), aff'd, 45 Conn. App. 924, 696 A.2d 1325, cert. denied,243 Conn. 923, 701 A.2d 339 (1997). The court in Bancroft noted that the trial court in Ramisk "cited both Nokes and Korhn for the proposition that the presumption was `sufficient to withstand expert evidence to the contrary and support a conviction without further evidence, if the jury disbelieves the contrary evidence. . . . The Ramisk trial court held that this principle applied equally to an administrative hearing under 14-227b, saying that `[a] hearing officer may rely on the presumption created by the statute if he or she disbelieves expert evidence to the contrary. Additional expert evidence to rebut the plaintiff's evidence is not required in such a case.'" (Citation omitted.) Bancroft v. Commissioner of Motor Vehicles, supra,48 Conn. App. 407. Accordingly, the presumption in General Statutes § 14-227b(f) is constitutional.
"[O]ur appellate courts have handed down decisions that point out that the trier of fact is not required to believe unrebutted expert testimony, but may believe all, part or none of such unrebutted expert evidence." Id., 405.`"[T]he trial court is not required to accept uncontradicted expert testimony. The court CT Page 6041 might reject it entirely as not worthy of belief or find that the opinion was based on subordinate facts that were not proven.'" Id., quoting State v. Blades, 225 Conn. 609, 629, 626 A.2d 273
(1993). "[I]n [administrative hearings pursuant to § 14-227b] the fact finder is not required to accept such expert evidence to the extent that he or she disbelieves it in whole or in part."Bancroft v. Commissioner of Motor Vehicles, supra.48 Conn. App. 407. See Ramisk v. Commissioner of MotorVehicles, supra, Docket No. CV 96 0558492.
The court in Bancroft found State v. Pluta, 157 Vt. 451,600 A.2d 291 (1991), to be "instructive and similar." Bancroft v.Commissioner of Motor Vehicles, supra, 48 Conn. App. 402 n. 12. In State v. Pluta, the Vermont Supreme Court summarized the evidence necessary to rebut a statutory presumption regarding blood alcohol level:
 Under Vermont law, a civil presumption effectively places the burden of going forward with the evidence on the party against whom it operates. . . . Thus, defendant had to present evidence to rebut the presumed fact that his level of intoxication violated the statute. . . . To satisfy the burden, defendant was not required to `overcome' the presumption with evidence. . . . He was required only to produce evidence sufficient to support a finding that his blood alcohol level was under 0.10 percent at the time of operation. . . .
 To rebut a statutory presumption the opponent's evidence must do more than raise a mere theoretical possibility that the presumed fact does not exist. . . . Otherwise, the use of a presumption to shift the burden of going forward with certain evidence would be meaningless. Since a rebuttable presumption already assumes that the presumed fact will not be true in all cases, it is not rebutted simply by recognizing the possibility that it can be rebutted. To fairly put the presumed fact in issue, specific evidence is required to show that the presumed fact was not true in the particular case, given its actual underlying facts and circumstances.
(Citations omitted.) State v. Pluta, supra, 600 A.2d 293.
In this case the arguments raised by the plaintiff regarding the statutory presumption are essentially the same as those rejected by the court in Bancroft. See Monsonis v. CommissionerCT Page 6042of Motor Vehicles, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CV 97 0572415 (Ruling re: Stay, April 15, 1998, DiPentima, J.) The court inBancroft rejected the plaintiff's claim that his presentation of expert evidence rebutted the statutory presumption and shifted the burden of proof to the commissioner to present more evidence of the plaintiff's BAC at the time of operation. See Bancroft v.Commissioner of Motor Vehicles, 48 Conn. App. 401. Consistent with Bancroft, the hearing officer in this case was entitled to rely on the presumption in 14-227b(f), and he was entitled to believe or disbelieve any portion or all of the plaintiff's expert evidence. While the plaintiff, citing O'Dea v. Amodeo,118 Conn. 58, 179 A. 486 (1934), argues that the presumption is one of convenience and thus is rebutted once contrary evidence is produced, Bancroft is directly on point and allows the hearing officer to disbelieve the expert evidence.
The plaintiff's expert evidence in this case raises "a mere theoretical possibility" that the plaintiff's BAC was below 0.10%. See State v. Pluta, supra, 600 A.2d 293. The testimony and report both reflect the experts' opinions that the plaintiff's BAC test readings may have been falsely elevated by alcohol trapped in the plaintiff's dental plate, and therefore the plaintiff's actual BAC may have been below 0.10%. The hearing officer's decision states that he gave the expert evidence "due weight." Because the expert evidence showed only the possibility that the plaintiff's BAC was under 0.10%, the hearing officer could have fully believed the expert evidence presented in this case, yet still find that the plaintiff's BAC exceeded 0.10%. Thus, in this case, the plaintiff's expert testimony did not rebut the statutory presumption.
Bancroft is also dispositive of the plaintiff's other arguments in this case. The court in Bancroft rejected the plaintiff's argument that the hearing officer improperly relied on his own expert knowledge regarding the BAC level, without notifying the plaintiff. Bancroft v. Commissioner of MotorVehicles, supra. 48 Conn. App. 403-405. The plaintiff also asserts that this appeal is distinguishable from Bancroft because in this case, Dr. O'Brien testified, and was subject to cross examination, whereas in Bancroft, the plaintiff had a letter from his expert. However, while the court in Bancroft noted that the plaintiff elected not to present live expert testimony, nothing in that decision indicated that the court's analysis would have been different had live expert testimony been presented. See id., CT Page 6043 408. Just as the hearing officer may disbelieve written expert evidence, the hearing officer may disbelieve live expert testimony and rely on the presumption. See Monsonis v.Commissioner of Motor Vehicles, supra, Docket No. CV 97 0572415 ("The factual distinction the plaintiff raises, that the expert testimony was live in this case and by letter in [Bancroft andRamisk], does not distinguish the cases on the merits.")
In conclusion, there is substantial evidence in the record to support the DMV hearing officer's decision. Accordingly, that decision will not be disturbed and the plaintiff's administrative appeal is dismissed.
Michael Hartmere, Judge