**Charles J. CONRAD, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8065.

Court of Appeals of Alaska.

Sept. 27, 2002.

Eugene B. Cyrus, Law Office of Eugene Cyrus, P.C., Eagle River, for Appellant.

Robert J. Collins, Assistant District Attorney, Palmer, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

This case requires us to construe the offense of driving while intoxicated under AS 28.35.030(a)(2). This subsection of the statute makes it a crime to operate or control a motor vehicle "when, as determined by a chemical test taken within four hours after the alleged offense," a person's blood contains 0.08 percent or more alcohol (by weight) or a person's breath contains 0.08 grams or more alcohol per 210 liters.

The question is this: Does AS 28.35.030(a)(2) define the offense in terms of the test result—so that the State must prove only that the chemical test yielded a result of 0.08 or higher (assuming the test was properly administered within the prescribed four hours)? Or does the statute require the State to prove that the defendant's blood alcohol level was 0.08 or higher *at the time the defendant operated or controlled a motor vehicle*—so that the test result is merely circumstantial evidence of the fact that must ultimately be proved?

As we explain in this opinion, we conclude that the statute requires proof of the defendant's blood alcohol level at the time the defendant operated or controlled a motor vehicle.

*Underlying proceedings*

Charles J. Conrad was tried for driving while intoxicated under both the "impairment" theory codified in AS 28.35.030(a)(1) and the "blood alcohol level" theory codified in AS 28.35.030(a)(2). The trial judge instructed the jury that, for purposes of assessing Conrad's guilt under the "blood alcohol level" theory, it was sufficient for the State to prove that a chemical test administered within four hours of Conrad's operation of

the vehicle yielded a result of 0.10 or greater.[1]

The State's evidence showed that, about an hour and a quarter after Conrad was stopped by the police, he submitted to an Intoximeter test; the test result was a blood alcohol level of 0.154 percent. One half-hour later, Conrad obtained an independent blood test; this test showed that Conrad's blood alcohol level was 0.131 percent.

Conrad presented what he called the "big gulp" defense: He claimed that he had quickly consumed two beers just before he drove. Conrad contended that even though his blood alcohol level was illegally high an hour or so later after he was stopped, his blood alcohol level had been within legal limits at the time he was driving.

At trial, Conrad presented an expert witness—retired pathologist Donald R. Rogers—to explain that, based on Conrad's blood test result, and using the assumption that Conrad had consumed two beers just before driving, and using average alcohol absorption and elimination rates, Conrad's blood alcohol level at the time he was driving could have been less than 0.10 percent.

But, as explained above, the trial judge instructed the jury that Conrad's proposed defense was actually no defense; the judge told the jury that Conrad's guilt hinged on the test result and not his actual blood alcohol level at the time he was driving. The jury convicted Conrad, returning a general verdict that did not specify whether they found Conrad guilty under subsection (a)(1), subsection (a)(2), or both.

*A defendant's guilt under AS 28.35.030(a)(2) hinges on the defendant's blood alcohol level at the time the defendant operated or controlled a motor vehicle, not on the defendant's test result*

In *Mangiapane v. Anchorage*,[2] we were called upon to construe the meaning of AS 28.40.060, a statute that declares that a driver's chemical test result is not to be adjusted to account for the testing instrument's margin of error. In the course of our discussion in *Mangiapane*, we described AS 28.35.030(a)(2) in a way that suggested that a driver's guilt rests on the driver's test result:

> AS 28.40.060 effectively declares that a driver violates AS 28.35.030(a)(2) if, within four hours of driving, the driver is tested on a properly calibrated, properly functioning Intoximeter and the driver's *test result* is at least .10 percent blood-alcohol or the equivalent .10 grams of alcohol per 210 liters of breath. The fact that the driver's true blood-alcohol or breath-alcohol level may be slightly lower (due to the Intoximeter's acknowledged margin of error) is no longer relevant to the driver's guilt under AS 28.35.030(a)(2).[3]

We now conclude that we did not speak carefully enough.

The issue in *Mangiapane* was the effect of the newly enacted AS 28.40.060. *Mangiapane* did not directly raise the issue that confronts us in Conrad's case: Whether the State must prove that a motorist's blood alcohol level was above the legal limit at the time of the testing or, instead, at the time the motorist operated or controlled the vehicle.

In *Doyle v. State*,[4] we construed a related statute—AS 28.35.033—that establishes various presumptions as to whether or not a driver is impaired by alcohol, depending on the result of the driver's chemical test. In *Doyle*, we construed this statute to create a rebuttable presumption that a driver's blood alcohol level at the time of the offense was equivalent to the result of the chemical test administered to the driver later.[5]

In other words, *Doyle* suggests that the ultimate fact to be proved is the driver's blood alcohol level at the time of the offense, not at the time of the test. At the same time, however, *Doyle* interpreted AS 28.35.033 as authorizing the State to rely on

---

**1.** Conrad was prosecuted under the former version of AS 28.35.030(a)(2). Since then, the legislature has lowered the allowable level of alcohol to 0.08 percent.

**2.** 974 P.2d 427 (Alaska App.1999).

**3.** 974 P.2d at 430 (emphasis in original).

**4.** 633 P.2d 306 (Alaska App.1981).

**5.** *See id.* at 309–10.

the presumption that the driver's test result was at least as high as the driver's blood alcohol level at the time of the offense—so that "it would [not] be necessary for the state to call expert witnesses in every case to establish by extrapolation the blood alcohol content of the defendant at the time of the alleged offense." [6]

It appears that the Alaska Legislature would have the authority to define the offense in terms of the defendant's test result at a test administered within a specified time after the defendant operated or controlled a motor vehicle—even though the test result might be higher than the defendant's blood alcohol level at the time the defendant operated or controlled the vehicle. Our review of case law and statutes from other jurisdictions reveals that a number of state legislatures have done this.[7]

In these states, however, the statutes clearly specify that a defendant's guilt rests on the test results and that the defendant's actual breath or blood alcohol content at the time of driving is not an element. For example, the Arizona Court of Appeals explained that its state legislature had "concluded that a person with a [blood alcohol content] of 0.10 or greater within the two-hour period poses a sufficient danger to the public to justify broadening the statutorily proscribed conduct." [8] The New Jersey Supreme Court found that its state legislature reached the same general conclusion.[9]

But the wording and history of AS 28.35.030(a)(2) yield no such expression of legislative intent. We find no indication that the Alaska Legislature, either when it passed AS 28.35.030(a)(2) or when it later passed AS 28.40.060, intended to shift the focus away from the defendant's blood alcohol level at the time of driving and to make the test result determinative of the defendant's guilt.

■ Accordingly, despite the wording of our decision in *Mangiapane,* we conclude that a defendant's guilt under AS 28.35.030(a)(2) hinges on the defendant's blood alcohol content at the time the defendant operated or controlled a motor vehicle. At the same time, we re-affirm the approach we took in *Doyle:* If a chemical test is administered to the defendant within the statutorily prescribed four hours, the test result will create a presumption that the defendant's blood alcohol level was at least as high at the time the defendant operated or controlled the vehicle. (And, as stated in AS 28.40.060, the test result is not to be adjusted for the testing machine's margin of error.)

The defendant may introduce evidence to rebut this presumption (as Conrad did in this case), but if the presumption is unrebutted—either because the defendant does not challenge it, or because the jury does not believe the defendant's contrary evidence—then the presumption created by the test result is enough to support a conviction.[10]

(Of course, the State may choose to introduce evidence to show that a defendant's

---

**6.** *Id.* at 310.

**7.** *See, e.g., State v. Oliver,* 343 N.C. 202, 470 S.E.2d 16, 23–24 (1996) (the per se offense prohibits driving on a state highway having "consumed sufficient alcohol that at any relevant time after the driving the defendant had an alcohol concentration of [0.08] or more"); *State v. Martin,* 174 Ariz. 118, 847 P.2d 619, 623 (App.1993) ("[S]ection 28–692(A)(2) now provides that it is illegal to have a BAC of 0.10 or more within two hours of driving—rather than a BAC of 0.10 at the time of the offense as provided in former section 28–692(A)(2)"); *Purser v. State,* 201 Ga. App. 839, 412 S.E.2d 869, 870 (1991) (among other things, the DWI statute "made it unlawful for a person to drive or to be in physical control of a moving vehicle after having consumed alcohol if at any time within the three-hour period after such driving or being in physical control

ended, he or she registered a blood-alcohol concentration of 0.12 grams or more as a result of such prior alcohol consumption."); *State v. Tischio,* 107 N.J. 504, 527 A.2d 388, 388–89 (1987) (court ruled that "it is the blood-alcohol level at the time of the breathalyzer test that constitutes the essential evidence of the offense.").

**8.** *Cacavas v. Bowen,* 168 Ariz. 114, 811 P.2d 366, 368 (App.1991).

**9.** *State v. Tischio,* 107 N.J. 504, 527 A.2d 388, 388–89 (1987).

**10.** *See Erickson v. Anchorage,* 662 P.2d 963, 967 (Alaska App.1983) (Singleton, J., concurring) ("the breathalyzer result alone established a prima facie case, entitling the municipality to go to the jury on the issue of Erickson's blood-alcohol level at the time of her driving.").

blood alcohol level at the time of the offense was actually higher than at the time of the test.)

*Conclusion*

The judgment of the district court is REVERSED. Conrad is entitled to a new trial.