Charles J. CONRAD, Appellant(s),

v.

STATE of Alaska, Appellee(s).

No. A–08065.

Court of Appeals of Alaska.

Dec. 20, 2002.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

Order

Petition for Rehearing

**IT IS ORDERED:**

The State seeks rehearing of our decision in this case, *Conrad v. State*, 54 P.3d 313 (Alaska App.2002). The State contends that our decision is flawed because we misread *Doyle v. State*, 633 P.2d 306 (Alaska App. 1981) and thereby misinterpreted AS 28.35.030(a)(2).

The ultimate issue in this case is to discern the meaning of AS 28.35.030(a)(2). This statute declares that a person commits the offense of driving while intoxicated if the person operates or controls a motor vehicle "when, as determined by a chemical test taken within four hours after the alleged offense was committed, there is 0.08 percent or more by weight of alcohol in the person's blood . . . ."

The problem here is the ambiguous reference of the adverb "when". Does the statute mean that a person is guilty if they operate or control a motor vehicle "when . . . [their blood contains] 0.08 percent or more . . . alcohol [by weight]"? Or does the statute mean that a person is guilty if they operate or control a motor vehicle "[and later], as determined by a chemical test taken within four hours [of] the alleged offense . . ., [their blood contains] 0.08 percent or more . . . alcohol [by weight]"?

In our initial decision, we recognized that other jurisdictions have statutes which specify that a defendant's guilt rests on the defendant's blood alcohol level at the time of the test, not at the time of the defendant's driving. *See Conrad,* 54 P.3d at 315 n. 7. But AS 28.35.030(a)(2) is no more than ambiguous on this point, and the legislative history of this statute does not reveal any clear intent on the legislature's part to move the focus of the offense away from the defendant's level of intoxication or level of blood alcohol at the time of driving. We therefore resolved the ambiguity against the government, construing AS 28.35.030(a)(2) to refer to the level of alcohol in the defendant's blood at the time of the defendant's driving rather than the time of the defendant's chemical test.

In support of this conclusion, we cited our prior decision in *Doyle v. State*. In its petition for rehearing, the State points out that *Doyle* addressed a different statute—AS 28.35.033, the statute that establishes presumptions of intoxication or lack of intoxication based on the results of a defendant's chemical test when the defendant is charged under AS 28.35.030(a)(1), the "under the influence" theory of prosecution. The State points out that AS 28.35.033 was enacted before the legislature added the "blood alcohol" theory of prosecution in AS 28.35.030(a)(2). Based on this chronology, the State asserts that *Doyle* provides no insight into the meaning of AS 28.35.030(a)(2).

■ We disagree. As we explained in *Doyle,* the presumptions of intoxication or lack of intoxication (depending on the defendant's chemical test result) codified in AS 28.35.033 are premised on the notion that the defendant's guilt rests on the defendant's level of intoxication *at the time of driving.* Although *Doyle* dealt with prosecutions under subsection (a)(1) of the statute (the "under the influence" theory), it is relevant that we construed AS 28.35.030 as referring to the time of the defendant's driving rather than the time of the defendant's chemical test. If the legislature had intended AS 28.35.030(a)(2) to change the focus of the offense from the time of driving to the time of the defendant's chemical test, it is reasonable to assume that the legislative history of subsection (a)(2) would expressly note this significant change. But it does not. The absence of any such legislative history supports our decision that a defendant's guilt under subsection (a)(2) hinges on the defendant's blood alcohol level at the time of defendant's driving.

■ Finally, we note that if we were to construe AS 28.35.030(a)(2) to mean that a defendant's guilt hinges on the defendant's blood alcohol level at the time of the chemical test, this would raise another set of problems. Alaska law guarantees DWI defendants the right to obtain an independent test, separate from the mandated chemical test administered by the police. *See Gundersen v. Anchorage,* 762 P.2d 104, 112 (Alaska App. 1988); *Anchorage v. Serrano,* 649 P.2d 256, 258 & n. 5 (Alaska App.1982). The two test results often differ, sometimes significantly. For example, there is an appeal currently pending in this Court where the defendant's breath test result was above the legal limit but the defendant's later blood test result (still within four hours of the defendant's driving) was below the legal limit.

Neither AS 28.35.030 nor any other provision of AS 28.35 gives any indication of how to resolve this problem of competing test results. The fact that the pertinent statutes do not mention this problem suggests that the legislature did not think this would be a problem—because the defendant's guilt hinges on the defendant's blood alcohol level at a single point in time: the time at which the defendant was driving.

For these reasons, we reaffirm our conclusion that a defendant's guilt under AS 28.35.030(a)(2) hinges on the defendant's blood alcohol level at the time the defendant operated or controlled the motor vehicle, rather than the defendant's blood alcohol level at the time of the defendant's chemical test(s).

The State's petition for rehearing is DENIED.

Entered at the direction of the Court.