# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 76801-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MICHAEL FRANK ROTT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 23, 2018 |
| | ) | |

MANN, A.C.J. — Michael Rott was convicted of felony driving while under the influence of alcohol (DUI). He argues that the trial court acted outside of its sentencing authority in including his prior Alaskan DUI convictions when calculating his offender score. We affirm.

## FACTS

On July 31, 2016, Rott was pulled over by police officers for driving slowly and failing to use his turn signal. Rott appeared to be under the influence of alcohol and he performed poorly on field sobriety tests. Rott was arrested for the investigation of DUI. After Rott refused to submit to a breath test, police obtained a search warrant for blood. The blood test showed a blood alcohol concentration of 0.22.

Rott was arrested for DUI. The prosecutor determined that Rott had a previous conviction for felony DUI. Based on this predicate offense, the State charged Rott with felony DUI. At sentencing, the State included Rott's prior convictions for DUI in Alaska in calculating his offender score. Rott entered a plea of guilty, but reserved the right to challenge the State's offender score calculation.

At sentencing, Rott asserted that his prior convictions in Alaska for DUI are not comparable to his Washington conviction such that they can be scored as points to calculate his offender score. Specifically, Rott argued that the statute criminalizing DUI in Alaska is broader than the Washington statute because the Alaska statute encompasses motor vehicles, vessels, and airplanes, whereas Washington criminalizes DUI for each of these under its own separate statute. The sentencing court rejected this argument and concluded that Rott's two Alaskan DUI convictions, committed in 1997 and 2003, were comparable to the Washington offense. The sentencing court determined that Rott's offender score was 7, and it sentenced him to a mid-range sentence of 55 months. Rott appealed.

## DISCUSSION

Rott contends that the sentencing court erred in including his prior Alaskan convictions for DUI in calculating his offender score because they are not comparable to Washington offenses. "We review a sentencing court's calculation of an offender score de novo." State v. Moeurn, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010) (citing State v. Bergstrom, 162 Wn.2d 87, 92, 169 P.3d 816 (2007).

Under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, the sentencing court totals the defendant's prior convictions to determine an offender score,

which establishes the presumptive standard sentencing range. State v. Arndt, 179 Wn. App. 373, 377, 320 P.3d 104 (2014). "Furthermore, for out-of-state convictions, the SRA requires courts to translate the convictions 'according to the comparable offense definitions and sentences provided by Washington law." State v. Wiley, 124 Wn.2d 679, 682, 880 P.2d 983 (1994) (quoting RCW 9.94A.360(3)).

Washington applies a two-part test to analyze the comparability of out-of-state convictions.

> Under the legal prong, courts compare the elements of the out-of-state conviction to the relevant Washington crime. If the foreign conviction is identical to or narrower than the Washington statute and thus contains all the most serious elements of the Washington statute, then the foreign conviction counts towards the offender score as if it were the Washington offense. If, however, the foreign statute is broader than the Washington statute, the court moves on to the factual prong—determining whether the defendant's conduct would have violated the comparable Washington statute.

State v. Olsen, 180 Wn.2d 468, 472-73, 325 P.3d 187 (2014) (citations omitted). The SRA requires "rough comparability—not precision—among offenses." State v. Jordan, 180 Wn.2d 456, 465, 325 P.3d 181 (2014). "[T]he State bears the burden to prove by a preponderance of the evidence the existence and comparability of a defendant's prior out-of-state conviction." State v. Ross, 152 Wn.2d 220, 230, 95 P.3d 1225 (2004).

We begin our analysis with the legal prong of the two-part test: whether the Alaska conviction is identical to or narrower than the Washington crime. In 1997, when Rott committed his first Alaskan DUI, Alaska defined the crime of "driving while intoxicated" as follows:

> A person commits the crime of driving while intoxicated if the person operates or drives a motor vehicle or operates an aircraft or a watercraft

> (1) while under the influence of intoxicating liquor, or any controlled substance;
>
> (2) when, as determined by a chemical test taken within four hours after the alleged offense was committed, there is 0.10 percent or more by weight of alcohol in the person's blood or 100 milligrams or more of alcohol per 100 milliliters of blood, or when there is 0.10 grams or more of alcohol per 210 liters of the person's breath; or
>
> (3) while the person is under the combined influence of intoxicating liquor and a controlled substance.

Former ALASKA STAT. § 28.35.030(a) (1992)

By 2003, when Rott committed his second Alaskan DUI, the Alaskan legislature had renamed the crime "driving under the influence" and lowered the allowable alcohol limit from 0.10 to 0.08. 2002 Alaska Sess. Laws 16.

The Washington statute in effect at the time of Rott's first Alaskan DUI in 1997 provided:

> A person is guilty of driving while under the influence of intoxicating liquor or any drug if the person drives a vehicle within this state:
>
> (a) And the person has, within two hours after driving, an alcohol concentration of 0.10 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or
>
> (b) While the person is under the influence of or affected by intoxicating liquor or any drug; or
>
> (c) While the person is under the combined influence of or affected by intoxicating liquor and any drug.

RCW 46.61.502(1) (1994).

By 2003, when Rott committed his second Alaskan DUI, the Washington Legislature had also lowered the allowable alcohol limit from 0.10 to 0.08. LAWS OF 1998, ch. 213, § 3.

-4-

Rott contends that the Alaska statutes are not comparable to the Washington statutes, because the Alaska statutes allowed a four-hour time frame during which testing at or above the legal limit constituted evidence of guilt, whereas the Washington statutes allowed a time frame of only two hours.[1] The State argues that the different testing time frames are irrelevant because at the time Rott committed his Alaskan DUIs, the dispositive fact in both Alaska and Washington was the defendant's blood alcohol level at the time of driving.[2]

We agree with the State. In Conrad v. State, 54 P.3d 313 (Alaska Ct. App. 2002), the defendant was charged with driving while intoxicated under both the "impairment" theory codified in AS 28.35.030(a)(1) and the "blood alcohol level" theory codified in AS 28.35.030(a)(2). Conrad, 54 P.3d at 313. Conrad argued that even though tests showed his blood alcohol level exceeded the legal limit an hour or so after he was stopped, his blood alcohol level was within legal limits at the time of driving. Conrad, 54 P.3d at 314. The trial court instructed the jury that, for the purpose of assessing guilt under the "blood alcohol level" theory, Conrad's guilt hinged on whether the government had proved that the test had yielded a result above the legal limit. Conrad, 54 P.3d at 314. The jury convicted Conrad.

The appellate court reversed and remanded for a new trial, holding that "a defendant's guilt under [former] AS 28.35.030(a)(2) hinges on the defendant's

---

[1] Defense counsel did not raise this argument below. However, "established case law holds that illegal or erroneous sentences may be challenged for the first time on appeal." State v Bahl, 164 Wn.2d 739, 744, 193 P.3d 678 (2008) (quoting State v. Ford, 137 Wn 2d 472, 477, 973 P.2d 452 (1999)). Accordingly, we need not analyze Rott's claim that he received ineffective assistance of counsel on this basis.

[2] In 2004, Conrad was superseded by statute when the Alaskan legislature amended AS 28.35.030 to provide that a person commits a DUI offense if the person takes a chemical test within four hours of driving that detects a blood alcohol level of at least 0.08 percent. Valentine v. State, 215 P.3d 319 (Alaska Ct. App. 2009).

blood alcohol content at the time the defendant operated or controlled a motor vehicle, not on the defendant's test result." Conrad, 54 P.3d at 315. The court interpreted AS 28.35.030 to "create a presumption that the defendant's blood alcohol level was at least as high at the time the defendant operated or controlled the vehicle." Conrad, 54 P.3d at 315. If the presumption is unrebutted, then the test result is sufficient to support a conviction. Conrad, 54 P.3d at 315.

Therefore, to be guilty under the Alaska statute at the time of Rott's DUI convictions, an individual had to be either (1) under the influence of a substance or (2) have a blood alcohol level of 0.10 (in 1997) or 0.08 (in 2003) at the time of driving. To be guilty under the Washington statute, the same factors apply. In other words, the dispositive factor is the defendant's blood alcohol level at the time of driving, not at the time the test was administered. Accordingly, we conclude that the Alaska statute is not broader than the Washington statute. Because the statutes are legally comparable, we need not reach the factual prong of the analysis.

Affirmed.

_Mann, ACJ_

WE CONCUR:

_Becker, J._

-6-